COBB, Judge.
The defendant appeals his conviction of burglary on grounds of allegedly prejudicial comments by the prosecutor during closing argument and the refusal by the trial court to instruct on the maximum penalty. We have reviewed the comments cited by defendant and do not find them so prejudicial as to warrant a new trial. See Oliva v. State, 346 So.2d 1066 (Fla.3d DCA 1977), cert. dismissed 348 So.2d 951 (Fla.1977); Johnson v. State, 348 So.2d 646 (Fla.3d DCA 1977). Moreover, the defendant’s failure to timely object to those comments precludes appellate review. Clark v. State, 363 So.2d 331, 335 (Fla.1978); Gibson v. State, 351 So.2d 948, 950 (Fla.1977).
We consider the failure of the trial court to instruct the jury as to the maximum penalty harmless error as more fully explicated in this court’s opinion in Murray v. State, 378 So.2d 111 (Fla.5th DCA 1980).
The defendant also urges, and the state agrees, that the defendant was not given credit for time served prior to sentencing. Section 921.161(1), Florida Statutes (1977). Thus, the sentence is reversed and the case remanded to the trial court for resentencing.
JUDGMENT AFFIRMED, SENTENCE REVERSED AND REMANDED.
ORFINGER, J., concurs.
DAUKSCH, C. J., concurs specially with opinion.