379 So.2d 1022 (1980)
Robert Earl GORDON, Appellant,
v.
STATE of Florida, Appellee.
No. PP-398.
District Court of Appeal of Florida, First District.
February 14, 1980.
*1023 Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant seeks review of the trial court's denial of his motion to correct sentence. We reverse.
On May 1, 1979, while on probation, appellant was jailed on a charge of burglary on which he was subsequently acquitted. On May 26, 1979, while appellant remained in jail on the burglary charge, an affidavit alleging a violation of probation on the basis of the burglary charge was served on appellant. Pursuant to that affidavit, the trial court held a probation revocation hearing on August 17, 1979, at the conclusion of which the court found appellant had violated his probation conditions. Thereupon, the trial court adjudicated appellant guilty of the original charge and sentenced him to five years in prison with credit time given only for 10 months which appellant earlier had spent in jail as a condition of his probation.
In his motion to correct sentence, appellant argued that the trial court had improperly failed to grant him credit for the time he spent in jail after his May 1 arrest on the subsequent burglary charge. We find that the trial court erred in not giving appellant credit for time served from May 1, 1979, to August 17, 1979, in that he was held during that entire time on the charge which prompted the revocation of his probation. § 921.161, Fla. Stat., and Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974).
REVERSED and REMANDED for resentencing in light of this opinion.
MILLS, C.J., and BOOTH, J., concur.