396 So.2d 809 (1981)
Carlos HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 80-543.
District Court of Appeal of Florida, Fifth District.
April 8, 1981.
James B. Gibson, Public Defender, and Ronald K. Zimmet, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellee.
*810 SHARP, Judge.
Appellant appeals from a criminal judgment and sentence imposed after the revocation of his probation. We affirm the judgment but remand the case for correction of the sentence.
Hernandez argues that he was not given full credit for the time he previously served in jail. The written sentence committed him to a term of "13 months imprisonment with credit for 15 days previously served." The trial judge commented during the sentencing proceeding that appellant was to be imprisoned for 13 months with credit for any time spent in jail related to appellant's second of two probation violation hearings:
I'm not giving you credit on all of the other time that you spent in jail, because I'm not sentencing you to the full 5 years that you could get.
Section 921.161(1), Florida Statutes (1979) provides the following:
A sentence of imprisonment shall not begin to run before the date it is imposed, but the court imposing a sentence shall allow a defendant credit for all the time he spent in the county jail before sentence. The credit must be for a specified period of time and shall be provided for in the sentence.
After revocation of probation the court may impose any sentence which might have been originally imposed but must credit the defendant with all time previously served in jail, including that time served as a condition of probation. Hutchinson v. State, 360 So.2d 1160 (Fla. 1st DCA 1978).[1]
The record does not indicate how many days appellant served related to the two probation violations, and it is not clear whether the trial judge gave appellant full credit. Therefore this case is remanded to the trial court for correction of sentencing in accordance with section 921.161(1), Florida Statutes (1979). Kreiser v. State, 380 So.2d 455 (Fla. 5th DCA 1980).
JUDGMENT AFFIRMED, SENTENCE REVERSED AND REMANDED.
ORFINGER and COBB, JJ., concur.
NOTES
[1] Appellant was adjudicated guilty of a third degree felony, obtaining property by worthless check for $50 or more. The maximum prison sentence which might have been imposed in this case is five years. § 775.082(2)(d), Fla. Stat. (1975).