633 So.2d 1177 (1994)
Mark D. LAVRICH, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1364.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
*1178 Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joseph A. Tringali, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Mark D. Lavrich appeals a three year sentence resulting from a violation of his community control. He contends he was not appropriately granted credit for time served. We agree, and reverse and remand for a determination of how much time Lavrich spent in custody on the charge of violating his community control, and thus, how much credit he was entitled to.
The confusion as to how much time Lavrich served on account of his arrest for the violation of community control and the underlying offenses, is as a result of Lavrich serving time in different county jails and the state prison, for various lengths of time, and for various different charges. First, on November 20, 1990, Lavrich was sentenced in Broward county to two years of community control followed by one year of probation as a result of a guilty plea to possession of cocaine and drug paraphernalia charges. This was the community control appellant violated resulting in this appeal. On March 31, 1991, Lavrich was arrested and charged with aggravated assault and battery in Brevard county, which was later reduced to simple battery. Lavrich claims he was sentenced to time served on these charges. On April 25, 1991, Judge Barry Goldstein of Broward County issued a warrant for Lavrich's violation of community control. The affidavit of violation of community control alleged, among other things, that Lavrich violated his community control by being arrested for the assault and battery. The record does not indicate when the warrant was served. On July 10, 1992, Lavrich was sentenced in St. Lucie County to seven years for strong-armed robbery, and is currently serving this sentence in the Madison County Correctional Institute. On February 16, 1993, Lavrich was transported to Broward County for a hearing on the violation of community control. On April 2, 1993, Lavrich was sentenced to three years on the violation, consecutive to any other sentence that he was serving. He received forty-eight days credit for time served which was from the date he was transported to Broward County, plus one day for the day he was arrested. However, Lavrich contends that he is entitled to credit for the time that he spent in custody from the date the warrant for violation of community control was issued.
We agree that Lavrich is entitled to credit on his sentence for all the time he spent in custody[1] on the charges of violating his community control, including the time he spent in jails of other counties. Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980); Kronz v. State, 462 So.2d 450 (Fla. 1985). However, contrary to Lavrich's assertions, it cannot be determined with certainty, from what appears to be the complete record before us, the exact amount of time Lavrich spent in custody which was either attributable to the violation of community control or the underlying assault and battery. First, since the record does not indicate when the warrant was served, we are unaware of how long Lavrich was actually held on this warrant, as opposed to other charges. In addition, since Lavrich was sentenced to seven years in prison on a robbery that did not give rise to the violation of community control, it is possible that Lavrich was not in custody between April of 1991, when the warrant for the violation of community control was issued, and July 10, 1992, when he was sentenced for the strong-armed robbery. In a violation of probation case, a defendant must receive credit for time served, unless the time was not attributable to the violation or the underlying offense. Davis v. State, 543 So.2d 437 (Fla. 2nd DCA 1989). Therefore, we remand to the lower court to assess how long Lavrich was in custody for the violation of community control or the underlying offenses. See Roesch v. State, 446 So.2d 269 (Fla. 2nd DCA 1984) (where reviewing court *1179 could not tell how the sentencing court arrived at its conclusion to allow 164 days credit for time served, it reversed and remanded for further consideration of the issue); and Hernandez v. State, 396 So.2d 809 (Fla. 5th DCA 1981) (since the record did not indicate how much time the defendant served related to the two probation violations and it was not clear whether the trial judge gave the defendant full credit, the fifth district remanded to the trial court for correction of sentencing in accordance with the statute governing time served).
REVERSED AND REMANDED.
HERSEY, POLEN and STEVENSON, JJ., concur.
NOTES
[1] We do not agree that he was entitled to credit for all time served from April 25, 1991, the day the warrant alleging a violation of community control was issued.