PER CURIAM.
In this direct criminal appeal, appellant challenges only the sentences imposed following revocation of probationary terms which had been parts of five split sentences. We are unable to ascertain how the trial court arrived at the figure of 292 days awarded as credit for time served. Appellant argues that the trial court failed to give him credit for time served in state prison on the incar-cerative portions of the split sentences originally imposed. As it appears that this argument may have some merit, we reverse the *157 sentences and remand to the trial court with directions that it award appellant credit for all time actually served in either jail or prison. See generally Lavrich v. State, 633 So.2d 1177 (Fla. 4th DCA 1994); Roesch v. State, 446 So.2d 269 (Fla. 2d DCA 1984); Hernandez v. State, 396 So.2d 809 (Fla. 5th DCA 1981). Appellant’s remaining point on appeal merits neither discussion nor reversal.
REVERSED and REMANDED, with directions.
MINER, WEBSTER and BENTON, JJ., concur.