671 So.2d 839 (1996)
Bobby HOUGH, Appellant,
v.
STATE of Florida, Appellee.
No. 96-00529.
District Court of Appeal of Florida, Second District.
April 10, 1996.
PER CURIAM.
Bobby Hough appeals the denial of his motion to correct a sentence that he alleges is illegal.[1] The trial court denied Hough's motion because a previous trial court order found that the Department of Corrections (DOC) should compute his gain-time credit. We reverse.
Hough was sentenced to twelve years in prison followed by five years' probation. After serving almost three years in prison, Hough violated his probation. Hough sought *840 to have the full twelve-year prison sentence credited to him pursuant to Tripp v. State, 622 So.2d 941 (Fla.1993).
In its response, the state urges us to remand this case to the trial court in order for the trial court to correct the sentencing documents to reflect an award of unforfeited prison credit. The state believes that this is necessary because Hough's sentencing documents do not reflect that the trial court marked that Hough was entitled to prison credit and the DOC's policy is not to apply Tripp credit, even if the DOC believes it should be credited, if the trial court does not specify it. As the state notes, the Fifth District, in Bacon v. State, 647 So.2d 332, 332 (Fla. 5th DCA 1994), stated, "Although the trial court can delegate to the Department of Corrections the task of determining the amount of gain time to be credited, the trial court must specifically provide for the award of gain time." Accordingly, we reverse and remand this case for the trial court to determine if Hough is entitled to prison credit for any unforfeited gain-time.
Reversed and remanded.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.
NOTES
[1] Hough styled his motion as Emergency Motion to Enforce Plea Agreement.