PER CURIAM.
James Brewster challenges the trial court’s denial of his motion for posteonviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. One of the issues Brewster raises does not appear to be conclusively refuted by the record before us, and accordingly we reverse.
Brewster alleges his sentence in case number 89-14423 is illegal because he is entitled to credit for gain time as required by Tripp v. State, 622 So.2d 941 (Fla.1993). Because the attachments to the trial court’s order do not conclusively refute this claim we must reverse and remand for the trial court to consider this issue in accord with Cook v. State, 645 So.2d 436 (Fla.1994). If Brewster’s offense was committed prior to October 1, 1989, he is entitled to gain time pursuant to section 944.275, Florida Statutes (1989). The court may delegate to the Department of Corrections the computation of the amount of gain time; however, it is the court’s responsibility to decide a defendant’s entitlement to such credit. See Hough v. State, 671 So.2d 839 (Fla. 2d DCA 1996). On remand, if the trial court again denies the motion, it shall attach those portions of the record which conclusively refute Brewster’s claim.
Affirmed in part, reversed in part, and remanded for further proceedings.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.