PER CURIAM.
Roy Leija appeals the trial court’s denial of his motion to correct illegal sentence brought under Florida Rule of Criminal Procedure 3.800(a). One of the issues Leija raises does not appear to be conclusively refuted by the record before us, and accordingly we reverse as to that issue. In all other respects the trial court’s order is affirmed.
In his motion Leija alleges he is entitled to credit pursuant to State v. Green, 547 So.2d 925 (Fla.1989) and Tripp v. State, 622 So.2d 941 (Fla.1993) for time previously served. The trial court denied the motion indicating that Leija was originally sentenced in ease number 88-10193 to prison only on count five and was not resenteneed on that count and, therefore, was not entitled to any further credit. The trial court attached to its order the judgment and sentence in this case of April 19,1995, for counts one through four and the case progress docket.
It appears from our limited record that Leija was sentenced in case number 88-10193 to prison on count five to be followed by probation on the other four counts. If Leija’s offense was committed prior to October 1,1989, he is entitled to gain time pursuant to section 944.275, Florida Statutes (1987). The court may delegate to the Department of Corrections the computation of the amount of gain time; however, it is the court’s responsibility to decide a defendant’s entitlement to such credit. See Hough v. State, 671 So.2d 839 (Fla. 2d DCA 1996). The Florida Supreme Court held in Tripp v. State, 622 So.2d 941 (Fla.1993), and reemphasized in Cook v. State, 645 So.2d 436 (Fla. 1994), that when a defendant is sentenced on one charge to probation, consecutive to prison on another charge on the same guideline seoresheet, that upon subsequent incarceration on the probation charge, the defendant should receive credit for the previous prison time on the other charge.
On remand, should the trial court again deny the motion, it must attach portions of the record which refute Leija’s claim. See Becton v. State, 668 So.2d 1107 (Fla. 2d DCA 1996). Appellant must seek review of any subsequent order of the trial court within thirty days.
Affirmed in part, reversed in part and remanded.
CAMPBELL, A.C.J., and SCHOONOVER and FULMER, JJ., concur.