691 So.2d 1202 (1997)
George SINKS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-0607.
District Court of Appeal of Florida, Fourth District.
April 23, 1997.
*1203 Richard L. Jorandby, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In 1991, appellant pled guilty to lewd and lascivious conduct. Adjudication was withheld and appellant was sentenced to two years community control followed by eight years probation. In 1993, appellant's community control was violated for an unauthorized change of residence. Upon revocation, appellant was sentenced to four years imprisonment, two years community control (which was stayed until April of 1995), and eight years probation. That revocation was the subject of appellant's prior appeal, wherein we upheld the revocation and found no error sentencing appellant to both incarceration and community control under the facts of the case. Sinks v. State, 646 So.2d 229 (Fla. 4th DCA 1994). The supreme court agreed that this was not error, but reversed and remanded in part for resentencing because the sentence imposed exceeded the applicable guideline cell range. Sinks v. State, 661 So.2d 303 (Fla.1995).
Soon thereafter, before the trial court resentenced appellant, appellant violated his probation in November of 1995 by making contact with a juvenile without adult supervision. Appellant was adjudicated guilty on the underlying lewd and lascivious conduct charge and sentenced to seven years incarceration followed by eight years probation. Appellant now challenges the revocation of his probation and the sentence imposed.
We affirm the revocation, no error having been demonstrated in the trial court's determination of a willful and substantial violation; but we remand for resentencing.
Where a split sentence is imposed upon revocation of probation, if the total of the split sentence terms plus the time previously served on probation/community control exceeds the statutory maximum for the offense, then the time previously spent on probation/community control must be credited toward the probation/community control portion of the newly imposed split sentence. See Waters v. State, 662 So.2d 332 (Fla.1995); Meader v. State, 665 So.2d 344 (Fla. 4th DCA 1995).
*1204 In the instant case, the state concedes that the trial court erred in failing to credit appellant with the time previously spent on probation/community control as the total of this time plus the newly imposed split sentence exceeds the fifteen year statutory maximum. On remand, the trial court is to determine the appropriate period of probation/ community control time to be credited towards the probationary portion of the split sentence that was imposed upon the revocation of appellant's probation.
Additionally, the state concedes that the trial court incorrectly calculated the amount of time served in county jail and erroneously failed to award credit for time served in DOC. See State v. Summers, 642 So.2d 742, 743 (Fla.1994); Meader, 665 So.2d at 345. Although the court orally ordered such DOC credit, its written order does not reflect such. On remand, the trial court is to determine the amount of the time served to be credited toward the incarcerative portion of the split sentence that was imposed upon the revocation of appellant's probation.
GUNTHER, C.J., and GLICKSTEIN and DELL, JJ., concur.