727 So.2d 346 (1999)
Alton Eugene DIGGS, Appellant
v.
STATE of Florida, Appellee.
No. 98-3234.
District Court of Appeal of Florida, First District.
February 18, 1999.
*347 Alton Eugene Diggs, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the denial of his motion for correction of sentence wherein he sought jail and prison credit. The trial court denied the motion, because it was untimely in that appellant had filed it more than 60 days after sentence was imposed, and because the motion constituted an abuse of process in that the court had previously denied a motion to correct in April 1995. We reverse. The trial court erroneously considered the motion under Florida Rule of Criminal Procedure 3.800(c), which has a 60-day time limit, instead of rule 3.800(a), which allows for correction of illegal sentences at any time. See State v. Mancino, 714 So.2d 429 (Fla.1998). Moreover, since the trial court failed to attach the 1995 motion and order to the order on review, we cannot determine whether appellant's 1998 motion was an abuse of process.
Turning to the merits, we conclude that the trial court erred in denying appellant's motion. The record before us clearly shows that appellant was not given credit for the three-year concurrent prison terms he completed in 1991 in Case No. 91-60 when he was resentenced to seven-year terms on March 25, 1993, following revocation of probation in that case. See State v. Green, 547 So.2d 925 (Fla.1989). The trial court is directed on remand to allow credit on the seven-year sentences for the full three-year prison terms appellant completed, as well as for the 196 days appellant served in county jail prior to the March 25, 1993, resentencing.
The trial court also erred in denying appellant's motion for jail credit in Case No. 93-76. Section 921.161(1), Florida Statutes (1991), required the trial court to allow credit for all time served prior to imposition of sentence. Unless it is shown that appellant was not serving time for multiple charges while imprisoned, he was entitled to jail time credit on each concurrent sentence. See and compare Daniels v. State, 491 So.2d 543 (Fla. 1986); Whitney v. State, 493 So.2d 1077 (Fla. 1st DCA 1986); Walker v. State, 579 So.2d 348 (Fla. 1st DCA 1991). Because the trial judge failed to attach any documentation evidencing the arrest dates and violation of probation warrant or any other documentation refuting appellant's claim that he was imprisoned from November 25, 1992, to March 25, 1993, on both the charge arising under Case No. 93-76 and the violation of probation in Case No. 91-60, the order must also be reversed and the case remanded on this point. See Stevens v. State, 651 So.2d 1298 (Fla. 5th DCA 1995); Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989).
REVERSED and REMANDED for further proceedings.
BARFIELD, C.J., ERVIN and JOANOS, JJ., CONCUR.