751 So.2d 703 (2000)
Michael Wayne WELLS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-2833.
District Court of Appeal of Florida, First District.
February 11, 2000.
*704 Michael Wayne Wells, Appellant, pro se.
Robert A. Butterworth, Attorney General; James W. Rogers, Assistant Attorney General, Tallahassee, for Appellee.
JOANOS, J.
Appellant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). Appellant sought credit for time served on the incarcerative portion of his original sentence to be credited against the sentence imposed after he violated the probationary portion of his original sentence. The trial court denied the requested relief, because the court determined that the sentence imposed after probation was revoked resulted from a plea in which the sentence and the credit for time served were negotiated. We reverse and remand for further proceedings.
Failure to award credit for time served on a criminal sentence may be raised in a rule 3.800(a) motion. See State v. Mancino, 714 So.2d 429, 433 (Fla.1998); Diggs v. State, 727 So.2d 346, 346 (Fla. 1st DCA 1999). In Mancino, the court explained that
The entitlement to time served is not a disputed issue of fact in the sense that an evidentiary hearing is needed to determine whether there is such an entitlement. Hence, if the record reflects that a defendant has served time prior to sentencing on the charge for which he was tried and convicted, and a sentence that does not properly credit the defendant with time served, then that sentence may be challenged under rule 3.800 ...
See id., 714 So.2d at 433.
A defendant who violates the probationary portion of a split sentence is entitled to receive credit for time served on the incarcerative portion of the sentence before being placed on probation. See Diggs, 727 So.2d at 347; Silverstein v. State, 654 So.2d 1040, 1041 (Fla. 4th DCA 1995). Although a defendant can waive credit for time served as part of a plea agreement, such waiver must be clearly shown on the record. "Where a defendant's waiver of credit for time served is *705 not clearly shown on the record, it will not be presumed." See id. at 1041.
In this case, the trial court denied appellant's motion for credit for time served on the incarcerative portion of his split sentence, because the court determined the sentence and credit for time served in connection with appellant's violation of probation resulted from a negotiation. The order denying appellant's motion states in pertinent part:
The Court has reviewed the pleading and the file and has determined that the sentence and the credit for time served were negotiated. A plea of guilty form was signed in Open Court on April 22, 1999.
The attached plea form supports the trial court's ruling with respect to the length of sentence to be imposed for violation of the probationary portion of appellant's original sentence, and for the time spent in jail awaiting disposition of the violation of probation case. However, the negotiated plea and sentence form is silent with respect to credit for time served on the original sentence. Since the form fails to establish that appellant waived entitlement to credit for time served on the original sentence, we must reverse the order, and remand for attachment of documentation evidencing appellant's waiver of entitlement to credit for time previously served in connection with this conviction, or for an award of such credit. See Moore v. State, 741 So.2d 577, 578 (Fla. 5th DCA 1999).
Accordingly, the trial court's order denying appellant's motion to correct sentence is reversed and remanded for proceedings consistent with this opinion.
ERVIN, J., and SMITH, LARRY G., Senior Judge, CONCUR.