797 So.2d 1281 (2001)
Washington LOUIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-849.
District Court of Appeal of Florida, Fourth District.
October 31, 2001.
Washington Louis, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Claudine M. LaFrance, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We deny appellant's motion for rehearing, but withdraw our opinion dated August 22, 2001, and substitute in its place this opinion.
Washington Louis appeals from an order summarily denying his rule 3.850 motion for post-conviction relief. He contends that the trial court erred when it revoked his probation on the basis of charges for which he was subsequently acquitted, and that the court further erred by not awarding him jail credit against the sentence he received for violating probation for the time he spent in jail awaiting his trial on the pending charges. We affirm in part and reverse in part.
On March 3, 1999, appellant pled "no contest" to a charge of robbery. The court adjudicated him guilty and sentenced him to twenty-six months of probation as a habitual offender. On May 10, 1999, appellant was charged with armed robbery, home invasion, attempted murder, and aggravated battery (hereinafter "pending charges"). He pled "not guilty" to these charges. The state sought to revoke his probation and appellant pled "not guilty" to violating probation as well.
On July 2, 1999, the trial court held a hearing on the VOP charge and found appellant in violation based on his arrest and the pending charges. The court sentenced appellant to thirty years imprisonment. Appellant spent 280 days in the county jail awaiting his trial on the pending charges and was eventually acquitted on March 3, 2000.
*1282 Appellant has not demonstrated that because he was later acquitted of the pending charges that the trial court erred when it revoked his probation. Different standards of proof apply. See Gonzales v. State, 780 So.2d 266 (Fla. 4th DCA 2001) ("The fact that appellant was acquitted of aggravated battery by a jury does not mean that his probation could not be revoked based on the same facts."); State v. Jenkins, 762 So.2d 535 (Fla. 4th DCA 2000) ("To meet its burden in a violation of probation proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense. As that is a lesser standard than is required to prove the criminal charge, the state may still have sufficient evidence to meet its lesser burden."); Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999) (acquittal in a criminal case does not preclude the judge from determining that probation violation has occurred based on the same conduct because a criminal case must be proven beyond a reasonable doubt and a probation violation need only be proven by a preponderance of the evidence).
We do, however, find merit in appellant's second claim that he is entitled to credit for the 280 days he spent in the county jail awaiting his trial on the pending charges. See Thompson v. Wainwright, 447 So.2d 383 (Fla. 4th DCA 1984) ("when a defendant is arrested and placed in jail while on probation or parole, he is entitled to credit for time served on his original charge once his probation or parole is revoked...."); Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980) (holding it was error not to give a defendant credit for time spent in jail where he was held on a charge that prompted revocation of his probation). We, therefore, reverse on this issue and remand with directions that an order be entered granting appellant credit for his jail time served in connection with the pending charges.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
DELL, WARNER and SHAHOOD, JJ., concur.