850 So.2d 658 (2003)
Karlier ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-0964.
District Court of Appeal of Florida, First District.
July 28, 2003.
*659 Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Appellant, Karlier Robinson, appeals the trial court's imposition of a split sentence upon revocation of his community control. Appellant first argues that the trial court's written sentence was illegal because it exceeded the statutory maximum for the underlying offense and failed to conform to the trial court's oral pronouncement. Appellant also argues that both the oral pronouncement and written sentence were illegal because they failed to credit appellant for the time he had previously served on community control. We agree with both arguments and, therefore, reverse appellant's sentence and remand for resentencing.
By information, the State charged appellant with exploitation of an elderly person, a third-degree felony punishable by a maximum penalty of five years' imprisonment.[1] On August 15, 2001, after *660 appellant entered a plea of nolo contendere, the trial court sentenced appellant to two years' community control followed by three years' probation. Subsequently, an affidavit was filed charging appellant with five violations of community control. At the conclusion of the evidentiary hearing on February 6, 2002, the trial court adjudicated appellant guilty of the violations, revoked his community control, and sentenced him to three years' incarceration followed by two years' probation. However, the trial court's written sentence imposed a split sentence of three years' imprisonment followed by three years' probation. Thus, the written sentence varied from the oral pronouncement and resulted in a longer sanction than that orally imposed. Appellant timely appealed. On April 30, 2002, during the pendency of this appeal, appellant filed a motion in the trial court to correct the illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). On July 22, 2002, eighty-three days after appellant filed his motion, the trial court entered a resentencing order correcting the inconsistency between the oral and written sentences but did not credit appellant for the time he had already served on community control.
Appellant first contends on appeal that the trial court's written sentence was illegal because it exceeded the statutory maximum for the underlying offense and failed to conform to the court's oral pronouncement. Newly imposed sanctions, whether of probation or of incarceration, "must not exceed the statutory maximum for the underlying offense." Waters v. State, 662 So.2d 332, 333 (Fla.1995). Thus, the trial court's written sentence of three years' incarceration followed by three years' probation is illegal because it exceeds the five-year statutory maximum for the underlying offense. See id.; see also Henderson v. State, 720 So.2d 1121, 1122 (Fla. 4th DCA 1998) (holding that imposing an eighteen-month sentence of community control, upon revocation of a twelve-month sentence of community control, constituted an illegal sentence, when the appellant had already served a four-year term of incarceration and five months of the original sentence of community control, because the statutory maximum for the appellant's underlying offense was five years). Moreover, because the written sentence is inconsistent with the oral pronouncement, the oral pronouncement controls. See State v. Jones, 753 So.2d 1276, 1276 n. 2 (Fla.2000); Timmons v. State, 453 So.2d 143, 144 (Fla. 1st DCA 1984).
Although the trial court attempted to correct its sentencing errors in its July 22, 2002, order,[2] because the trial court entered its order in response to appellant's rule 3.800(b)(2) motion more than sixty days after appellant filed his motion, the motion is deemed denied and the order is a nullity. See Fla. R.Crim. Pro. 3.800(b)(2)(B); see also Campbell v. State, 789 So.2d 1213, 1214 (Fla. 1st DCA 2001) (holding that the trial court did not have jurisdiction to enter an order on a rule 3.800(b)(2) motion as no order was entered within sixty days from the filing of the motion, rendering the untimely order a nullity).
Appellant also contends that the trial court's oral pronouncement and written sentence were illegal because they failed to credit appellant for the time he had previously served on community control. We have previously held that a defendant *661 who violates the probationary period of a split sentence is entitled to receive credit for time served on the incarcerative portion of the sentence before being placed on probation, unless a waiver of such credit is clearly shown on the record. Wells v. State, 751 So.2d 703, 704 (Fla. 1st DCA 2000). The legal principles which authorize a defendant to receive credit for time served on probation are equally applicable to a defendant who seeks credit for time served on community control. See Cozza v. State, 756 So.2d 272, 273 (Fla. 3d DCA 2000) (citing Wells, 751 So.2d at 704). Upon revocation of community control, credit for time served on community control must be applied against any post-revocation period of community control or probation to ensure that the defendant's total sentence does not exceed the statutory maximum, although time served on community control may not be applied to a post-revocation sentence of incarceration. See § 948.06(3), Fla. Stat. (2001); Young v. State, 697 So.2d 75, 76-77 (Fla.1997) (citing State v. Summers, 642 So.2d 742, 744 (Fla.1994); State v. Roundtree, 644 So.2d 1358, 1359 (Fla.1994)).
Here, appellant did not waive his right to receive credit for the nearly six months he had served on community control prior to revocation, yet the trial court failed to credit appellant for the time he had previously served in both its oral pronouncement and its written sentence. Thus, by failing to credit the time appellant had already served on community control against the five-year statutory maximum for his underlying offense, the trial court illegally sentenced appellant to a term of incarceration and community control, which, when combined, exceeded the statutory maximum.
Accordingly, we reverse appellant's sentence, remand to the trial court for resentencing in accordance with this opinion, and quash the trial court's July 22, 2002, order.
REVERSED and REMANDED with directions.
VAN NORTWICK and HAWKES, JJ., CONCUR.
NOTES
[1] §§ 825.103(1)(a), (2)(c), 775.082(3)(d), Fla. Stat. (2000).
[2] A trial court may correct sentencing errors in the early stages of an appeal without an order from the appellate court relinquishing jurisdiction. Kimbrough v. State, 766 So.2d 1255, 1256 (Fla. 5th DCA 2000).