PER CURIAM.
Appellant challenges, on six grounds, his convictions for escape, battery on a law enforcement officer, and possession of cocaine, and the prisoner releasee reoffender (PRR) sentences imposed upon his convictions. We find two of his claims have merit.
Appellant alleges, and the State concedes, that Appellant’s sentencing score sheet contains a mathematical error which requires correction, and that his PRR sentence for possession, listed in the written judgment and sentence, does not conform with the trial court’s oral pronouncement. The record indicates the trial court entered an order acknowledging these errors and granting this relief in response to Appellant’s motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). However, the trial court’s order was entered more than 60 days after Appellant filed his 3.800(b)(2), motion, and is therefore a nullity. See Fla. R.Crim. P. 3.800(b)(2); Hansell v. State, 879 So.2d 646, 647 (Fla. 1st DCA 2004) (holding order entered more than 60 days from date defendant filed 3.800 motion is a nullity); Robinson v. State, 850 So.2d 658, 660 (Fla. 1st DCA 2003) (same).
Accordingly, the trial court’s order, entered April 22, 2004, is QUASHED, and the case REMANDED for entry of an order granting this relief. Appellant’s convictions and sentences are AFFIRMED in all other respects.
WEBSTER, PADOVANO and HAWKES, JJ., concur.