912 So.2d 326 (2005)
Dwight MAY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-477.
District Court of Appeal of Florida, Third District.
June 15, 2005.
Opinion Granting Rehearing September 28, 2005.
Dwight May, in proper person.
Charles J. Crist, Jr., Attorney General, and Thomas C. Mielke, Assistant Attorney General, for appellee.
Before LEVY, C.J., and RAMIREZ, and ROTHENBERG, JJ.
PER CURIAM.
Dwight May appeals the trial court's denial of his motion to correct illegal sentence in which he argued that he was entitled to jail credit for time served. We agree that May is entitled to jail credit for the time he served while he was incarcerated on unrelated charges.
A Miami-Dade County arrest warrant issued on September 4, 2000, while May was incarcerated in Broward County on unrelated charges. May was arrested and transported to Miami-Dade County on October 19, 2000, and sentenced on July 18, *327 2001. As the State concedes, May is entitled to credit for all of the time he served in jail prior to his sentence. See Tharpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999); Taylor v. State, 726 So.2d 348 (Fla. 3d DCA 1999). May is thus entitled to jail credit from September 4, 2000, until July 18, 2001.
Reversed and remanded for correction of sentence.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellee State of Florida's motion for rehearing. In this Court's June 15, 2005 opinion, we agreed with the State's concession that appellant Dwight May was entitled to jail credit for time served while he was incarcerated on unrelated charges from the date on which the arrest warrant issued, or September 4, 2000, until July 18, 2001. However, based upon the fact that May's arrest warrant was executed on October 19, 2000, May is only entitled to credit for time served from October 19, 2000, as opposed to September 4, 2000, until July 18, 2001. See Gethers v. State, 838 So.2d 504, 505 (Fla.2003)(stating that "absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant").
Rehearing granted.