941 So.2d 529 (2006)
Martin KENDRIGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3131.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
Martin Kendrigan, Miami, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Heidi L. Bettendorf, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse the trial court's order denying appellant's Florida Rule of Criminal Procedure 3.800(a) motion, which sought additional jail credit. Appellant is entitled to credit for time served in jail from the date of his arrest for the new offenses if the new offenses constituted the basis for the revocation of probation in the instant cases. Louis v. State, 797 So.2d 1281, 1282 (Fla. 4th DCA 2001); Thompson v. Wainwright, 447 So.2d 383 (Fla. 4th DCA 1984); Pauldo v. State, 390 So.2d 125, 126 (Fla. 4th DCA 1980); Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980). See also Voulo v. Wainwright, 290 So.2d 58 (Fla. 1974) (explaining that a defendant cannot be on parole and in jail at the same time). If this is the case, appellant should receive credit from the date of his arrest for the new offenses through the date of sentencing following revocation of probation in these cases.
On remand, if the new offenses were not the basis for revocation, the trial court must attach record evidence showing that appellant was not in jail on both the new charges and the violation charges at the same time. See Diggs v. State, 727 So.2d 346, 347 (Fla. 1st DCA 1999); Davis v. State, 543 So.2d 437 (Fla. 2d DCA 1989). See also Lavrich v. State, 633 So.2d 1177, 1178 (Fla. 4th DCA 1994).
WARNER, POLEN and GROSS, JJ., concur.