967 So.2d 928 (2007)
Eon G. COOPER, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5635.
District Court of Appeal of Florida, First District.
August 31, 2007.
Rehearing Denied November 7, 2007.
Nancy A. Daniels, Public Defender, Joel Arnold and Archie F. Gardner, Jr., Assistant Public Defenders, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Eon G. Cooper appeals an order denying his motion to correct sentencing error which was filed pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Cooper argues that the trial court erred in not correcting his sentence to reflect credit for time he served in the Jackson County jail and time served in the Broward County jail. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.
Appellant was convicted of grand larceny in Jackson County and, on March 9, 2004, he was sentenced to five years' probation, with the special condition that he serve 90 days in jail. He was given 42 days' jail time credit. On March 28, 2006, the appellant was arrested in Broward County. He was in the custody of the Broward County jail on the new charges from March 28, 2006, until he was transferred to the Jackson County jail on September 7, 2006. The warrant for appellant's violation of probation (VOP) in the Jackson County case was served on September 8, 2006. Because of his arrest on the new charges and other violations of the conditions of his probation, the appellant's probation was revoked. On October 20, 2006, the circuit court imposed a fifteen-month prison sentence, with credit for 90 days' jail time served. According to the jail records, the appellant was in the Jackson County jail November 5 and 6, 2003, from January 25 to April 2, 2004, and from September 7 to October 20, 2006.
The appellant appealed and filed a 3.800(b)(2) motion to correct sentencing error. In his motion, he contended that he was entitled to 115 days of credit for time served in Jackson County, instead of the 90 days reflected in the sentencing order, and that he should be given credit in the instant case for the seven months he spent in the Broward County jail. The trial *929 court accepted the argument of the State that the appellant had been given credit for 132 days (90 days + 42 days). Accordingly, although the court recognized the appellant had served more than 90 days in jail, the court denied the motion, reasoning that the appellant had already received more jail time credit than he was due.
The State concedes that the appellant should be given credit for more than 90 days served and submits that the sentencing documents should correctly reflect the number of days the appellant has served in the Jackson County jail.[1] In Sinks v. State, 691 So.2d 1202, 1204 (Fla. 4th DCA 1997), the State similarly conceded that the trial court had incorrectly calculated the amount of credit for time served and that the written statement on record did not reflect the correct total. The court directed that, on remand, the trial court should correct the written record to reflect the correct amount of credit for time spent. Id.; See also Hough v. State, 671 So.2d 839, 840 (Fla. 2d DCA 1996)(recognizing in a similar situation that a defendant's sentencing documents need to reflect award of unforfeited prison credit).
As for the time appellant spent in the Broward County jail, he relies on Kendrigan v. State, 941 So.2d 529 (Fla. 4th DCA 2006) for his contention that he is entitled to credit in this proceeding for the time served in the Broward County jail. However, Kendrigan is inapposite as it awarded credit for jail time from the date of arrest for the new offenses because the new offenses constituted the basis for revoking probation. In this case, appellant's probation was revoked based on his arrest for new offenses and other violations of the conditions of his probation. More on point is this court's decision in Hardenbrook v. State, 953 So.2d 717, 717-718 (Fla. 1st DCA 2007). There, we held that credit for jail time spent in another county must be given only when the sentences run concurrently. Here, appellant makes no argument that the Jackson County and Broward County sentences will run concurrently.
Further, appellant is not entitled to credit for time served in Broward County because the warrant for VOP was not executed until September 8, 2006. Gethers v. State, 838 So.2d 504, 505 (Fla.2003)("absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.") Thus, we affirm that portion of the order on appeal.
As to the jail credit for time served in Jackson County, we reverse and remand for further proceedings. On remand, the trial court shall correct the appellant's sentence to reflect the amount of jail time served in the Jackson County jail. Griffin v. State, 828 So.2d 1087, 1088 (Fla. 1st DCA 2002)(stating that the trial court is required to correct a defendant's sentence to award the full amount of jail credit earned).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
KAHN, BENTON, and VAN NORTWICK, JJ., concur.
NOTES
[1] We do not address the dispute between the parties whether the Jackson County jail time credit is 112 or 115 days, as the trial court never addressed this issue.