PER CURIAM.
 

 Angela Williams entered into a negotiated plea of guilty to violating her probation. Based on the negotiated plea, the trial court sentenced her to three years’ imprisonment with credit for time served from the appellant’s most recent arrest. The court did not award Williams any credit for time spent in prison on her original sentence, and in neither the written admission nor the plea colloquy was the issue discussed. Williams now argues that she is entitled to credit for the 18 months she served in prison on the incarcerative portion of her original split sentence and to jail credit for time served in the original sentence.
 

 The appellant’s motion is facially insufficient with regard to the jail credit, we therefore affirm the trial court’s summary denial of the appellant’s jail credit claim without further comment. However, the appellant’s claim for prison credit appears to have merit.
 

 When a defendant is given a split sentence, serves time in prison, is released on probation, and subsequently violates that probation, the defendant is entitled to credit for time served in prison on the original sentence unless the appellant specifically waives the right to credit as part of a negotiated plea.
 
 See Waters v. State,
 
 662 So.2d 332 (Fla.1995);
 
 Wells v. State,
 
 751 So.2d 703 (Fla. 1st DCA 2000). The record before us contains no documentation that Williams waived her entitlement to credit for prison time served.
 

 On appeal from a summary denial, this Court must reverse unless the postconviction record shows conclusively that the appellant is entitled to. no relief.
 
 See
 
 Fla. R.App. P. 9.141(b)(2). Because the record does not conclusively refute the appellant’s claim, we reverse the appellant’s claim to
 
 *897
 
 prison credit and remand the cause to the trial court for further proceedings.
 

 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 

 WOLF, WEBSTER, and CLARK, JJ., concur.