GRIFFIN, J.
 

 Randolph C. Smith [“Smith”] appeals his judgment and sentence after Smith pled guilty to violating his probation by committing a new substantive offense. Smith claims the trial court erred when it failed to credit him with 529 days of time served. We agree and reverse.
 

 On September 5, 2002, Smith was sentenced to six months in jail followed by 4.5 months probation for the felony offenses of grand theft and burglary, committed in Orange County. On April 20, 2005, an affidavit of violation of probation was filed, alleging Smith violated condition (5) of his probation by committing new law violations in Polk County. Subsequently, on January 3, 2007, an amended affidavit of violation of probation was filed, which added that Smith also violated condition (2) of his probation by changing his residence without permission.
 

 On January 20, 2009, Smith’s counsel advised the court that Smith wished to enter a plea, based on the new law violations, but pointed out that there was still an unresolved issue with the State regarding credit for time served. Smith had been arrested in Polk County on February 1, 2008, on the new law violations, and he remained incarcerated until he was sen
 
 *978
 
 tenced. Smith was sentenced for the Polk County crimes to concurrent sentences of five and ten years. Smith claimed credit for time served in the Orange County case from the date of his February 1st arrest in Polk County because his violation of probation in Orange County stemmed solely from the new law violation in Polk County.
 

 Smith argues on appeal that, pursuant to
 
 Kendrigan v. State,
 
 941 So.2d 529 (Fla. 4th DCA 2006), he is entitled to credit for time served in jail from the date of his arrest for the new offenses because the new offenses also constitute the sole basis for the revocation of his probation. Smith additionally argues that he is entitled to have the error corrected, even though the issue does not affect the amount of time Smith will have to serve because the judge ordered this sentence to run concurrently with his other Polk County sentences.
 
 See Davis v. State,
 
 529 So.2d 1251, 1251 (Fla. 5th DCA 1988).
 

 The State does not dispute that a defendant is entitled to credit for jail time from the date of the arrest for a new offense, if the new offense constitutes the sole basis for revoking probation.
 
 See Kendrigan,
 
 941 So.2d at 529. Likewise, Smith acknowledges that a defendant is not entitled to credit for time served if the defendant is found to have violated probation based on his arrest for new offenses, as well as other violations of the conditions of his probation.
 
 See Cooper v. State,
 
 967 So.2d 928, 929 (Fla. 1st DCA 2007). The State’s position is that Smith is not entitled to credit for time served because the new law violation was not the only basis for the revocation of probation.
 
 [1]
 

 Review of the plea colloquy clearly shows that Smith only admitted to violating his probation based on the new law violations. He did not admit to changing his residence without permission. Furthermore, the trial court accepted his plea based solely on the new law violations. Indeed, as the record shows, the change-of-residence violation charge was not addressed. The State suggested that this was an oversight and that the VOP should have been based on violation of both conditions. The trial court agreed. This was error. “Revoking probation based partly on a purported violation that was not proved or admitted constitutes fundamental error.”
 
 Casas v. State,
 
 27 So.3d 203, 205 (Fla. 2d DCA 2010)
 
 (quoting Odom v. State,
 
 15 So.3d 672, 678 (Fla. 1st DCA 2009)). Smith was entitled to be sentenced in accordance with his plea, and accordingly, is entitled to the credit for time served.
 

 SENTENCE VACATED and REMANDED.
 

 SAWAYA and EVANDER, JJ., concur.
 

 [1]
 

 . The State additionally asserts that if there was error, it was invited by Smith because he agreed with the judge that the issue would be moot if Smith were to receive a concurrent sentence. Mootness does not eliminate the error, however, and Smith's counsel preserved his objection and argument on the credit issue throughout.