ALTENBERND, Judge.
 

 Barry E. Schlumpf appeals the circuit court’s order denying his motion for jail
 
 *407
 
 credit filed pursuant to Florida Rule of Criminal Procedure 3.800(a). The court denied this motion without prejudice because it appeared to repeat a claim that previously had been denied without prejudice to Mr. Schlumpf s right to file a timely and facially sufficient motion under rule 3.850. We affirm.
 

 Despite his two failed attempts to state a claim, we note that Mr. Schlumpf may have a meritorious claim for additional jail credit that he has not alleged with sufficient clarity for the circuit court to understand. While on probation for offenses committed in Charlotte County, ' Mr. Schlumpf was allegedly arrested for new offenses in Orange County in May 2009. An affidavit of violation of probation was filed in Charlotte County and an arrest warrant was issued for this violation. However, Mr. Schlumpf was not transferred to Charlotte County until late December 2009. He was first arrested on the outstanding warrant when he arrived in Charlotte County. When sentenced on revocation of probation, the trial court did not give Mr. Schlumpf any jail credit for the time spent in the Orange County jail.
 

 In resolving both postconviction motions, the circuit court has relied on
 
 Gethers v. State,
 
 838 So.2d 504 (Fla.2003). It believes that Mr. Schlumpf is not entitled to jail credit for the period between May and December 2009 because he was not actually arrested on the warrant until December. From our limited record, however, it is possible that Mr. Schlumpf was never convicted of any offenses in Orange County, that he never received any jail credit in Orange County for his stay in its jail, and that the Orange County offenses were the sole basis for the revocation of probation in Charlotte County. If that is the case, Mr. Schlumpfs claim for additional jail credit may have merit.
 
 See Kendrigan v. State,
 
 941 So.2d 529 (Fla. 4th DCA 2006).
 

 The records and evidence necessary to establish this claim are not in the Charlotte County court file. Thus, Mr. Schlumpf cannot make this claim under rule 3.800(a).
 
 See Ericson v. State,
 
 932 So.2d 311, 311 (Fla. 2d DCA 2006). He must allege this claim under oath in a motion filed pursuant to rule 3.850. He still has enough time to file a timely motion if he does not delay. Accordingly, we affirm without prejudice for Mr. Schlumpf to file a timely and facially sufficient motion under rule 3.850.
 

 Affirmed.
 

 KHOUZAM and MORRIS, JJ., concur.