LAWSON, J.,
concurs specially with opinion.
I agree with the panel’s decision to permit the voluntary dismissal of this case, but write to address our court’s precedent in Smith v. State, 41 So.3d 977 (Fla. 5th DCA 2010), which the trial court correctly declined to apply in light of Ransone v. State, 48 So.3d 692 (Fla.2010). Smith held that when sentencing a defendant following revocation of probation based upon a new offense, the trial court must credit the defendant with time served on the new offense. In this case, for example, Bagley was placed on probation in Orange County on May 18, 2010, after entering a nolo contendere plea to a charge of possession of ammunition by a convicted felon.
While serving this probationary sentence, Bagley was arrested in Osceola County for delivery of cocaine on December 15, 2010. He was ultimately convicted of that charge, and sentenced to prison for one year and a day, with credit for time served beginning with the date of his arrest on December 15, 2010. Following the completion of his Osceola County sentence, Bagley was brought before the Orange County court to deal with his violation of probation. Bagley admitted the violation, based solely upon the Osceola County crime, and was sentenced to 357 days in the Orange County jail with credit for 40 days time served. Bagley then filed a motion seeking credit for the entire 366 days served on the Osceola County charge, relying on Smith.
Although the holding in Smith would require that the trial court grant the additional credit in this case, the trial court properly determined that the issue was controlled by the later-issued opinion in Ransone.
In Ransone, the defendant was sentenced to community control followed by probation on a charge of grand theft committed in Broward County. He then committed new offenses in Miami-Dade County, for which he was sentenced to time served before being transported to Bro-ward County to deal with his community control violation. Ransone was ultimately sentenced to five years in state prison on the Broward County grand theft charge, and argued that he should receive credit for time served against this sentence beginning with the date of his arrest on the Miami-Dade County offenses. The trial court denied the additional credit, and the Fourth District affirmed, Ransone v. State, 20 So.3d 445 (Fla. 4th DCA), approved, 48 So.3d 692 (Fla.2010), certifying conflict with Thorpe v. State, 744 So.2d 1256 (Fla. 3d DCA 1999), disapproved of by Ransone, 48 So.3d at 694. As explained in Ransone, even when a defendant is arrested at the same time for multiple unrelated offenses, credit for time served should only be awarded against the sentence for a single offense unless the sentences for the unrelated offenses are ultimately imposed concurrently. 20 So.3d at 448-49. By contrast, where the defendant is given consecutive sentences, a defendant is “not considered to be jailed for multiple offenses simultaneously” and the “pyramiding of credit would [improperly] reward the recidivist criminal.” Id. at 449. Accordingly, when a defendant is given consecutive sentences on multiple charges he “ ‘is not entitled to have his jail time credit pyramided by being given credit on each sentence for the full time he spends in jail awaiting disposition.’ ” Id. (quoting Daniels v. State, 491 So.2d 543, 545 (Fla.1986) (emphasis in original)).
*1121 The contrary special rule followed in Smith can be traced back to Gordon v. State, 379 So.2d 1022 (Fla. 1st DCA 1980). In Gordon, the sole basis for the defendant’s violation of probation was a new offense for which the defendant had been acquitted by a jury. Therefore, the defendant in Gordon would never be sentenced on the new charge that violated his probation, and the rule in that context would not result in a pyramiding of jail credit. In that limited context, I see no problem with requiring the trial court to credit the defendant with the time spent in jail awaiting disposition of a new charge that violates the defendant’s probation. But, here, where the defendant was convicted and sentenced on the new charge, I believe that the trial court properly applied Ran-sone and determined that there was no requirement that Bagley be given credit for time served on the Osceola County offense when the court imposed the consecutive Orange County sentence following revocation of Bagley’s probation.
In other words, in light of Ransone, the rule announced in Smith should be limited to cases similar to Gordon (where the defendant’s probation is revoked based solely upon a new crime for which the defendant has been acquitted) and to cases where the trial court imposes the VOP sentence concurrently with the sentence(s) on the- new charge(s). This same limitation should apply to two other opinions, issued prior to Ransone, that appear to improperly apply the rule announced in Gordon to a VOP sentence imposed consecutively to sentence(s) for the new offense(s) that violated the defendant’s probation: Kendrigan v. State, 941 So.2d 529 (Fla. 4th DCA 2006) and Lavrich v. State, 633 So.2d 1177 (Fla. 4th DCA 1994). Even after Ransone, a trial court retains the discretion to award pyramiding credit for consecutive sentences. See e.g., Gregg v. State, 43 So.3d 818, 819 (Fla. 1st DCA 2010). But, contrary to the holdings in Lavrich, Kendri-gan and Smith, the trial court is not legally required to do so.