PER CURIAM.
Joshua G. Dove appeals an order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking additional jail credit against his five-year prison sentence. The trial court denied Dove’s motion without reaching its merits, reasoning that rule 3.850 is only intended for use to collaterally challenge a conviction, and is *647 therefore “not appropriate for the relief’ sought (jail credit). This is not correct. A jail credit claim that cannot be determined based upon the face of the record must be raised in a timely rule 8.850 motion if it is to be considered at all. See, e.g., Schlumpf v. State, 76 So.3d 406 (Fla. 2d DCA 2011). As Dove’s motion was filed within two years of the judgment and sentence becoming final, included the requisite oath, and otherwise met the content requirements of rule 3.850, it should have been considered on the merits. Accordingly, we reverse the trial court’s order and remand for a hearing on Dove’s rule 8.850 motion.
REVERSED AND REMANDED.
PALMER, LAWSON and COHEN, JJ., concur.