# Third District Court of Appeal

**State of Florida**

Opinion filed January 24, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1532
Lower Tribunal No. 07-28286
_____


**Allen Cadet,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Jose L. Fernandez, Judge.

Allen Cadet, in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before SALTER, EMAS and FERNANDEZ, JJ.

EMAS, J.

Allen Cadet appeals from an order denying his motion for additional jail credit, pursuant to Florida Rule of Criminal Procedure 3.801. We reverse in part and affirm in part.

Cadet's motion, filed in April 2017, raises two separate claims for additional jail credit. To the extent Cadet's motion sought an award of an additional twenty-one days of jail credit, representing the time he served in the Dade County jail from the date of his surrender (November 5, 2008), to the time he was transported to state prison on November 26, 2008, Cadet's motion is untimely under rule 3.801(b).[1] We therefore affirm the trial court's order denying relief on this claim and do not reach the merits.

However, as to Cadet's second claim, seeking an additional 402 days of jail credit for time served in the Broward County Jail in 2013 and 2014, we reverse and remand. As to this claim, Cadet's motion alleges in relevant part:

Following his release from the incarcerative portion of his sentence in the instant case, Cadet began serving the probationary portion of his sentence. On January 22, 2013, while on probation, Cadet was arrested in Broward County for

---

[1] See Fla. R. Crim. P. 3.801(b) (providing that "[n]o motion shall be filed or considered pursuant to this rule if filed more than 1 year after the sentence becomes final"); In re Amendments to Fla. Rules of Crim. P. and Fla. Rules of App. P., 132 So. 3d 734, 746-47 (Fla. 2013) (creating rule 3.801(b) and providing a one year grace period for sentences imposed before the effective date of the new rule: "For sentences imposed prior to July 1, 2013, a motion under this rule may be filed on or before July 1, 2014").

three new law violations. The next day, based upon this arrest in Broward County, a Miami-Dade County violation of probation warrant was issued for Cadet's arrest.

Cadet alleges that he was held in the Broward County Jail, without bond, on the violation of probation charges until February 27, 2014, at which time he was transferred to the Miami-Dade County Jail for proceedings on his violation of probation.[2]

Thereafter, Cadet alleges, he was found to have violated his probation and, on March 11, 2015, the trial court revoked his probation and sentenced Cadet to eighteen years in prison with all credit for time served.[3] Cadet alleges he was not given credit for any of the days he was held in the Broward County Jail.

Cadet asserts in his motion that he was entitled to credit for the time he was held in the Broward County Jail after issuance of the arrest warrant. However, Cadet has failed to allege whether or when the probation violation arrest warrant was transmitted to Broward County or executed on Cadet.[4] The fact that Cadet was detained in Broward County (while awaiting disposition of his pending

---

[2] Cadet fails to allege how long he was held in the Broward County Jail on these new charges, or the ultimate disposition of those new charges.

[3] Cadet later appealed this judgment and sentence. We affirmed, and the mandate issued on August 16, 2016. Therefore, as to this claim, Cadet's April 2017 motion was timely filed under rule 3.801(b).

[4] The only evidence of this is a CJIS computerized docket entry indicating "probation warrant issued: 1/23/2013 served 02/27/2014." However, the record does not contain a copy of the warrant or other document evidencing the date of its transmission or execution.

Broward County charges), and that an untransmitted and unexecuted arrest warrant for his violation of probation was issued, is insufficient to entitle Cadet to relief. Merely notifying the Broward authorities that a warrant had been issued, without transmission or execution of the warrant, acts as a "detainer" or "hold," which is an informal request for the Broward County Jail to either hold Cadet for pick up by Miami-Dade County authorities or to notify Miami-Dade County authorities when Cadet's release was imminent. It does not legally obligate the Broward County Jail to keep Cadet in its custody after his Broward County charges have been disposed of or he is otherwise released from custody on the Broward County charges. In addressing this issue, the Florida Supreme Court in Gethers v. State, 838 So. 2d 504, 508 (Fla. 2003) recognized that "the filing of a detainer or a hold does not have the same effect as executing or transmitting an arrest warrant." The Gethers Court held that

> absent the execution of an arrest warrant, a defendant who is in jail in a specific county pursuant to an arrest on one or more charges need not be given credit for time served in that county on charges in another county when the second county has only lodged a detainer against the defendant.

Id. at 505. See also May v. State, 912 So. 2d 326 (Fla. 3d DCA 2005).[5] Under these circumstances, Cadet would not be entitled to jail credit in this case for the

---

[5] To the extent we previously held (see, e.g., James v. State, 721 So. 2d 1265 (Fla. 3d DCA 1998)) that the mere issuance of an arrest warrant in one county would entitle a defendant to credit for the time he was held in jail in another county on other charges, such holding has implicitly been overruled by the Florida Supreme

time he was held in the Broward County Jail. To be entitled to relief, Cadet must allege when the warrant was actually transmitted to Broward County or was executed on him, and must also allege that the Broward County law violations served as the sole basis for the trial court's revocation of Cadet's probation. Schlumpf v. State, 76 So. 3d 406 (Fla. 2d DCA 2012); Maloy v. State, 984 So. 2d 633 (Fla. 4th DCA 2008); Cooper v. State, 967 So. 2d 928 (Fla. 1st DCA 2007); Kendrigan v. State, 941 So. 2d 529 (Fla. 1st DCA 2006).

However, although Cadet's motion was insufficient on its face, the trial court should not have denied this claim on its merits, but instead should have entered a "nonfinal, nonappealable order allowing the defendant 60 days to amend the motion" to state a legally sufficient claim. See Fla R. Crim. P. 3.850(e); Fla. R. Crim. P. 3.801(e) (expressly incorporating subdivisions (e), (f), (j), (k) and (n) of rule 3.850).

Therefore, we reverse and remand that portion of the trial court's order which denied this claim on its merits. The trial court shall enter an amended order allowing Cadet sixty days to amend to set forth a claim that is sufficient on its face and for further proceedings thereafter as may be appropriate.

Affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

---

Court's decision in Gethers, 838 So. 2d at 508, which requires that the warrant be transmitted to the other county or executed on the defendant.