379 So.2d 140 (1980)
Edward CURRY, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1418.
District Court of Appeal of Florida, Fourth District.
January 9, 1980.
Rehearing Denied February 20, 1980.
*141 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Asst. Public Defender, and Denise Banjavic, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth G. Spillias, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Upon review of the record this court finds that the only evidence submitted to prove that the appellant violated the terms of his probation was in the form of hearsay reports as to his conduct while attending a drug rehabilitation program ordered by the court. The appellant testified in his own behalf and categorically denied any misconduct. Probation may not be revoked solely on the basis of hearsay. Jones v. State, 348 So.2d 942 (Fla. 2d DCA 1977). That rule is especially applicable when the probationer's testimony directly contradicts the hearsay reports. When a defendant's probation is sought to be revoked because of his failure to successfully complete a designated rehabilitation program, some evidence must be submitted to show that the defendant was in some manner responsible for such failure. Such evidence is completely lacking here.
Accordingly, the order revoking probation and the judgment and sentence thereafter entered are hereby reversed with directions for further proceedings consistent herewith.
ANSTEAD, MOORE and BERANEK, JJ., concur.