474 So.2d 1246 (1985)
Ranzel DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-208.
District Court of Appeal of Florida, Fourth District.
September 4, 1985.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
While serving two years' probation appellant was charged with seven violations thereof. At the hearing thereon, the court heard evidence regarding two of the violations, failure to file monthly reports and failure to pay the costs of supervision. The trial court found appellant guilty of violating both conditions and sentenced him to two years in prison.
It is conceded on appeal that the only evidence to support the probation violation of failure to pay the cost of supervision was hearsay. Since probation may not be revoked based solely upon hearsay evidence, Curry v. State, 379 So.2d 140 (Fla. 4th DCA 1980), that ground should be excised from the written order of revocation, together with grounds III, IV, V, VI, and VII, which were also set forth therein, because these grounds were not heard by the court.
*1247 This leaves us in doubt as to whether the trial court would have revoked appellant's probation for the one technical violation and, if so, whether the sentence would be the same. Although failure to file monthly reports is a sufficient ground for revocation, May v. State, 472 So.2d 890 (Fla. 4th DCA 1985), because we are in doubt, we choose to follow respectable authority[1] remanding for further consideration by the trial court under like circumstances.
Accordingly, the cause is affirmed in part and reversed in part and remanded to the trial court with directions to eliminate from his written order grounds II through VII. We further request that the trial judge reconsider the matter in the light of this opinion and resentence appellant as he deems proper, including the same sentence previously given if he is so disposed.
ANSTEAD, J., concurs.
LETTS, J., concurs specially with opinion.
LETTS, Judge, specially concurring.
I specially concur because I do not believe the majority opinion stresses that the trial judge, upon remand, may come to the same conclusion as he did before.
I am also apprehensive that it appear we are suggesting that monthly reports are but "technical" niceties. True, they involve some paper work compliance by the supervisor and certainly, a failure to report does not rise to the level of an armed robbery. Nonetheless, by definition, probation envisions supervision and control by the department of corrections. Among other normal requirements of this supervision and control, is the duty to report to the probation supervisor [see section 948.03(1)(a), Florida Statutes (1983)]. Without such reporting, coupled with the monster case load endured by probation officers, there will be, as a practical consequence, no control and no supervision  ergo nonexistent probation.
Accordingly, I view failure to report as a serious violation of probation regardless of any technicalities involved in the manner of its fulfillment.
NOTES
[1] Aaron v. State, 400 So.2d 1033 (Fla. 3d DCA 1981); Clemons v. State, 388 So.2d 639 (Fla. 2d DCA 1980); Jess v. State, 384 So.2d 328 (Fla. 3d DCA 1980).