517 So.2d 772 (1988)
David V. GRADDY, Appellant,
v.
STATE of Florida, Appellee.
No. 86-100.
District Court of Appeal of Florida, Second District.
January 6, 1988.
James Marion Moorman, Public Defender, and Robert F. Moeller, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alan L. Overton, Asst. Atty. Gen., Tampa, for appellee.
*773 DANAHY, Chief Judge.
The trial court revoked the appellant's probation on the grounds that he violated conditions (5)[1] and (8)[2] of his probation order. The appellant raises two issues: that condition (5) was not violated because the charges against him for burglary and grand theft were dismissed and that there was not sufficient evidence against him to warrant a finding that condition (8) was also violated. Regarding the violation of condition (8), the facts at the hearing on the probation violation showed that the appellant had admitted bringing alcohol onto the premises of the Tampa Probation and Restitution Center where the appellant was residing at the time  a clear violation of the rules of the PRC; the appellant then recanted his admission of wrongdoing claiming that he gave in to the staffer at the PRC merely to put an end to the lengthy questioning taking place in the middle of the night.
The state concedes that the violation of condition (5) was improperly grounded on the dismissed charges. We, therefore, reverse the order of revocation with respect to that finding. On remand, the reference to a violation of condition (5) should be deleted from the order of revocation. We have closely examined the appellant's contentions concerning the violation of condition (8) and find his arguments to be without merit. Accordingly, we affirm the order of revocation of probation in all other respects.
The order of revocation is affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER and THREADGILL, JJ., concur.
NOTES
[1] Condition (5) read: "You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation."
[2] Condition (8) read: "You will promptly and truthfully answer all inquiries directed to you by the Court or the Probation Officer, and allow the Officer to visit in your home, at your employment site or elsewhere, and you will comply with all instructions he may give you."