LEHAN, Judge.
We reverse the revocations of defendant’s probations. The revocations stemmed from defendant having been charged with possession of a stolen driver’s license and carrying a concealed weapon, alleged violations of probation condition 5 requiring no violations of law. The record indicates that the trial court dismissed these charges after granting defendant’s motion to suppress. See Graddy v. State, 517 So.2d 772 (Fla. 2d DCA 1988) (revocation improper if based on commission of new charges that are subsequently dismissed). See also Cross v. State, 469 So.2d 226 (Fla. 2d DCA 1985), approved, 487 So.2d 1056 (Fla.), cert. dismissed, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986) (exclusionary rule applies in revocation proceeding).
We affirm the imposition of conditions 6 and 9 which defendant contends are unrelated to the offenses of which he was convicted. Defendant did not challenge these conditions at the time he was origi *1251 nally placed on probation. See Baxter v. State, 596 So.2d 460 (Fla. 2d DCA 1991), review denied, No. 79,148 (Fla. Apr. 28, 1992).
Reversed in part, affirmed in part and remanded.
RYDER, A.C.J., and BLUE, J., concur.