PER CURIAM.
As the State correctly concedes, the trial court erred in revoking the defendant’s probation as to the second Affidavit of Violation of probation filed on December 22, 1992, because the only evidence presented at the revocation hearing, held in connection with that affidavit, was hearsay. Probation cannot be revoked solely on the basis of hearsay. Brown v. State, 537 So.2d 180 (Fla. 3d DCA 1989); Adams v. State, 521 So.2d 337 (Fla. 4th DCA 1988); Wright v. State, 348 So.2d 412 (Fla. 2d DCA 1977). Thus, the order revoking probation and the sentence imposed in connection therewith are reversed.
The appellant also contests the validity of the modification of his probation that took place on November 25, 1992. That modification involved requiring the appellant to attend a drug rehabilitation program. In view of the fact that appellant was represented by counsel at the hearing during which his probation was modified, and it further appearing that the modification of appellant’s probation was a result of an agreement entered into between appellant, his probation officer, the State, and the Court, we find *1024 nothing in the record to support appellant’s contention that the modification should also be vacated. As a result thereof, we approve the modification.
Accordingly, the appellant must be restored to the position that he held prior to having his probation revoked at the hearing on May 14, 1993.
Reversed.