652 So.2d 1275 (1995)
James Randall BEECHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-1251.
District Court of Appeal of Florida, Third District.
April 12, 1995.
Bennett H. Brummer, Public Defender, and Julie M. Levitt, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Doquyen T. Nguyen, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BASKIN and GERSTEN, JJ.
PER CURIAM.
Defendant appeals the revocation of his community control sentence. We reverse. The affidavit of violation of community control asserted that defendant failed to complete an addiction treatment program. The community control officer's testimony concerning defendant's program participation consisted of information obtained from the program counselor and from the program counselor's reports. The reports were not admitted into evidence and the program counselor did not testify. A court may not revoke community control based solely on hearsay evidence. Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994); Thompson v. State, 626 So.2d 1023 (Fla. 3d DCA 1993); Frazier v. State, 587 So.2d 660 (Fla. 3d DCA 1991). The record fails to disclose any nonhearsay evidence presented to support revocation. In addition, the officer's testimony as to her observations of defendant at the program and defendant's statement to her that the program terminated him are insufficient to support revocation. Gibbs v. State, 609 So.2d 76, 79 (Fla. 1st DCA 1992) ("inability to control ... antisocial behavior ... in a drug program does not rise to the level of conduct evidencing a willful and substantial refusal to participate in the program required to revoke probation"); Curry v. State, 379 So.2d 140, *1276 141 (Fla. 4th DCA 1980) ("When a defendant's probation is sought to be revoked because of his failure to successfully complete a designated rehabilitation program, some evidence must be submitted to show that the defendant was in some manner responsible for such failure."). As the state properly concedes, the trial court should have permitted defense witnesses to testify at the sentencing hearing. Hernandez v. State, 572 So.2d 969 (Fla. 3d DCA 1990); Fla.R.Crim.P. 3.720(b). Accordingly, we reverse the revocation and vacate the sentence.
Revocation reversed; sentence vacated; and cause remanded.