661 So.2d 353 (1995)
Ovid MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1455.
District Court of Appeal of Florida, Fourth District.
October 5, 1995.
Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for appellee.

ON MOTION FOR REHEARING
PARIENTE, Judge.
The state seeks rehearing of our opinion of April 12, 1995, wherein we reversed the judgment based on our determination that the revocation of probation was based solely on hearsay. In its motion for rehearing, the state points to testimony in the record which it contends does not constitute hearsay. Upon consideration of the State's motion for rehearing and our review of the record, we grant rehearing, withdraw the opinion dated April 12, 1995, and substitute the following opinion affirming the order of the trial court:
Defendant appeals his conviction for a violation of probation resulting in a sentence of one year incarceration. The trial court found a violation of probation by defendant's failure to attend sex offender meetings. We affirm because the record reveals that the revocation of probation was based on an acceptable combination of hearsay and non-hearsay evidence.
In October 1992, defendant pled guilty to lewd assault and was sentenced to eighteen months probation. One of the conditions of probation required defendant to successfully complete treatment recommended by his therapist. It was this condition which the trial court found defendant to have violated by failing to attend sex offender meetings as part of his treatment.
The testimony presented at the probation revocation hearing included that of the initial therapist who, after evaluating defendant on three separate occasions, determined that defendant needed treatment as a sex offender in the form of group therapy sessions with other sex offenders. However, because this treatment program required defendant to pay for the sessions and because defendant was unemployed, the therapist referred him to Sex Offenders Anonymous to attend a cost-free support group program which met at Glenbeigh Hospital, a private hospital for treating addictions. Upon obtaining employment, defendant would be required to continue in this support group and begin treatment sessions.
The state contended that defendant did not attend these meetings at Glenbeigh because *354 the meetings were cancelled in December 1993. The probation officer testified that after she became suspicious that the signature on the attendance forms looked like the signature on defendant's employment search forms, she called the hospital and learned that the meetings had been cancelled.
The state presented the testimony of an accountant, Dorothy Payne, who had been employed by Glenbeigh Hospital for seven years, the length of time that the hospital had been open. In addition to her duties as an accountant, Payne sat at the front desk from 12:00 to 12:30 p.m. Because the facility is a locked unit, no one can enter except through the front desk where meeting participants would be required to sign in. Payne testified that sex offender meetings had been held twice a week from 12:00 to 1:00 p.m. and that the participants would come in between 12:00 and 12:15 p.m. to sign in. She testified that these meetings ceased in early December when the corporate offices moved from Jupiter to the hospital because there was no longer space available for the sex offender meetings. As the accountant, Payne had direct knowledge that there had been no charge for the meetings and thus the hospital did not keep documentation of the meetings.
A thorough review of the accountant's testimony reveals that her knowledge that the meetings were no longer held at the facility was not based on hearsay but on her own direct observations that the corporate offices had taken over the meeting rooms and that the sign-ins for the meetings did not continue past December. Although she never attended the meetings nor had written documentation that the meetings had ceased, Payne's observations based on both her position as accountant and her additional duties at the front desk provided competent, indirect evidence that the meetings were no longer held at Glenbeigh and that defendant had not been attending the meetings as he had represented to the probation officer and to the trial court.
Defendant testified categorically that he attended the support group meetings through February 1994 on a weekly basis from 12 p.m. to 1 p.m., arriving at 12:00. He denied ever seeing the accountant at the front desk and denied that Glenbeigh was a locked facility. He further testified, in contradiction to the testimony of the accountant, that he was unaware of any sign-in sheets. He produced attendance forms to support his testimony. He further testified that only sex offenders attended and conducted these meetings; thus, no counselors could verify his attendance.
While hearsay evidence is admissible in probation revocation proceedings, hearsay alone is insufficient to establish a violation of a condition of probation. Kiess v. State, 642 So.2d 1141, 1142 (Fla. 4th DCA 1994); Arnold v. State, 497 So.2d 1356 (Fla. 4th DCA 1986); Davis v. State, 474 So.2d 1246 (Fla. 4th DCA 1985); Combs v. State, 351 So.2d 1103 (Fla. 4th DCA 1977). Thus in Grant v. State, 616 So.2d 1184, 1185 (Fla. 3d DCA 1993), where the defendant's testimony that he had reported for a drug program was contradicted only by plainly insufficient hearsay evidence that he had not, the trial court's finding that the defendant had violated his probation by failing to report for a drug program evaluation was not supported by competent evidence. Likewise, in Curry v. State, 379 So.2d 140, 141 (Fla. 4th DCA 1980), evidence consisting solely of hearsay reports as to the defendant's conduct while attending a drug rehabilitation program could not support a finding that the defendant violated the terms of his probation where the defendant categorically denied any misconduct. Unlike Grant and Curry, the evidence presented here constitutes an acceptable combination sufficient to show by a preponderance of the evidence that defendant violated his probation. See Corona v. State, 642 So.2d 667 (Fla. 3d DCA 1994).
Defendant urges us to consider that if the meetings were cancelled in December 1993, those facts would be insufficient to support a violation of defendant's probation because a defendant cannot be held responsible for failing to attend meetings that were no longer being conducted. In Curry this court held that "[w]hen a defendant's probation is sought to be revoked because of his failure to successfully complete a designated rehabilitation program, some evidence must be submitted to show that the defendant was in some *355 manner responsible for such failure." Curry, 379 So.2d at 141. Here, however, the trial court found the evidence indicating that defendant had not attended the meetings more credible than defendant's assertion that he did attend such meetings. Thus, failure of defendant to complete the designated rehabilitation program was due to defendant's willful and substantial probation violation rather than to the eventual cessation of the meetings.
This case is also distinguishable from Young v. State, 566 So.2d 69 (Fla. 2d DCA 1990) where the defendant had been dismissed from a sex offender program but had expressed a continued willingness to enter another sexual offender program. If defendant here had returned to his therapist after the meetings were cancelled and had requested alternative treatment, we could agree that his violation would not have been either willful or substantial. Young is based on the assumption that defendant must express a desire to complete the stated condition of probation. Here, defendant took the position that he no longer needed treatment. The facts of this case come closer to Archer v. State, 604 So.2d 561, 563-64 (Fla. 1st DCA 1992), where the trial court's finding that defendant willfully and substantially violated probation was affirmed in light of evidence that defendant maintained he had no sexual problem and was not in need of treatment.
The trial court, as the trier of fact, was free to weigh the conflicting evidence and reject defendant's testimony as not credible. See Wills v. State, 561 So.2d 1355 (Fla. 2d DCA 1990). On appeal our review is limited to whether the trial court abused its discretion in revoking defendant's probation. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). Based on this record, we find no such abuse.
AFFIRMED.
DELL and WARNER, JJ., concur.