762 So.2d 535 (2000)
STATE of Florida, Appellant,
v.
Michael JENKINS, Appellee.
No. 4D99-2105.
District Court of Appeal of Florida, Fourth District.
May 24, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellee.
WARNER, C.J.
We reverse the trial court's order dismissing a violation of probation affidavit against the appellee.
The trial court dismissed the probation violation on the ground that the state had nolle prossed the assault charge that was the basis for the appellee's violation *536 of probation. A nolle prosequi only means that the state is not prepared to go forward with the prosecution of the criminal charge. At most, it conveys that the state did not have sufficient evidence to meet its burden of proving guilt beyond a reasonable doubt. "Nolle prosequi, if entered before jeopardy attaches, neither operates as an acquittal nor prevents further prosecution of the offense." Bucolo v. Adkins, 424 U.S. 641, 642, 96 S.Ct. 1086, 47 L.Ed.2d 301 (1976) (citation omitted).
To meet its burden in a violation of probation proceeding, the state need only demonstrate by a preponderance of the evidence that the defendant committed the subject offense. See Miller v. State, 661 So.2d 353, 354 (Fla. 4th DCA 1995). As that is a lesser standard than is required to prove the criminal charge, the state may still have sufficient evidence to meet its lesser burden. Moreover, the state attorney could still refile the criminal charges against appellee.
The trial court relied on Pendergrass v. State, 601 So.2d 1250 (Fla. 2d DCA 1992), and Graddy v. State, 517 So.2d 772 (Fla. 2d DCA 1988). However, the court in Graddy relied upon the state's concession of error in reaching its decision on this issue. See id. at 773. We conclude that Graddy is distinguishable because of the concession of error. Pendergrass relied upon Graddy and is also distinguishable in that the dismissal was also based on the ground that the underlying charges were dismissed as a result of the suppression of evidence.
Reversed and remanded for further proceedings.
GUNTHER and STEVENSON, JJ., concur.