PER CURIAM.
Andre John Hall appeals an order revoking his probation and an order denying his motion for postconviction relief on the basis of newly discovered evidence. We conclude that there must be a new probation revocation hearing and remand for that purpose.
At the probation revocation hearing, the arresting officer testified that he saw defendant-appellant Hall in possession of a small off-white object which appeared to the officer to be crack cocaine. The defendant was a passenger in an automobile which had been stopped for a traffic violation. The resulting search turned up crack cocaine. The trial court denied the defendant’s motion to suppress the evidence and revoked the defendant’s probation.
On the basis of this same incident, the State filed a substantive charge against the defendant for possession of cocaine. When the same officer’s deposition was taken in the substantive case, he testified that he saw the defendant holding a small object but “I don’t know what it was, though.” As we read it, this directly contradicts the testimony the officer gave during the probation revocation proceeding. The officer’s testimony in the probation revocation proceeding that he recognized the small object to be crack cocaine was the testimony supporting probable cause to conduct the search which led to the seizure of the crack cocaine.
During the pendency of the appeal on the probation revocation, we relinquished jurisdiction to allow the trial court to consider the defendant’s motion for postcon-viction relief on the basis of newly discovered evidence. The trial court denied that motion and the appeal of that order has been consolidated with the appeal of the probation revocation order.
We conclude that postconviction relief should have been granted on the basis of newly discovered evidence. See Jones v. State, 709 So.2d 512, 521 (Fla.1998); Blanco v. State, 702 So.2d 1250, 1252 (Fla.1997); Jones v. State, 591 So.2d 911, 915 (Fla.1991). Based on the version of events the officer testified to in the later deposition, we do not see how the defendant’s probation could have been revoked on the basis of the cocaine possession charge.
Naturally at the new hearing it may turn out that there is an explanation for the discrepancy between the officer’s testimony at the probation revocation hearing and his subsequent deposition testimony in the substantive case. We do not say that the defendant must be acquitted of the violation of probation charge, but only that, at this point, he is entitled to a new probation revocation hearing.
The State’s alternative argument is that the probation revocation should be upheld because the defendant was also found to have damaged the police car after he was taken into custody, thus amounting to criminal mischief. The problem here is that the same officer was the sole source of the evidence regarding the damage to the police car, and thus there must be a new trial on that charge as well. The State is, of course, free to bring in evidence from other sources regarding the damage to the police car, if it wishes to do so.
For the stated reasons, the orders now before us are reversed and the cause remanded for a new hearing.