922 So.2d 997 (2005)
Jeffrey HUMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3738.
District Court of Appeal of Florida, Second District.
December 28, 2005.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Jeffrey Humbert appeals his conviction for battery by person detained in a prison or jail facility (on another detainee) and the prison releasee reoffender (PRR) sentence imposed thereon.[1] We reverse the *998 conviction and sentence and remand for a new trial.[2]
At trial, Humbert testified he struck another inmate in self-defense, reasonably believing the other inmate was about to attack him. At the close of Humbert's case, the jury was given an instruction on the forcible felony exception to self-defense. This court has held that when a defendant commits a single act and claims self-defense, as is the case here, the giving of this instruction constitutes fundamental error since it essentially negates the defense. See Velazquez v. State, 884 So.2d 377 (Fla. 2d DCA 2004); Bates v. State, 883 So.2d 907 (Fla. 2d DCA 2004); Zuniga v. State, 869 So.2d 1239 (Fla. 2d DCA 2004). Accordingly, we reverse Humbert's conviction and sentence and remand for a new trial.
Reversed and remanded for a new trial.
CASANUEVA and VILLANTI, JJ., Concur.
NOTES
[1] Humbert argues that the PRR sentence was improper because the jury did not make a separate finding that he had been released from prison within three years of committing his offense. In light of this court's determination that Humbert's conviction must be reversed and the case remanded for a new trial, the sentence imposed thereon must also be reversed. Our reversal renders moot the issue Humbert raises in regard to the PRR sentence imposed.
[2] Trial court case number XX-XXXXXXCF.