933 So.2d 726 (2006)
Jeffrey HUMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3739.
District Court of Appeal of Florida, Second District.
July 26, 2006.
James Marion Moorman, Public Defender, and John C. Fisher, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz-Carino, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Jeffrey Humbert appeals an order revoking his probation. We reverse and remand for further proceedings.
On June 4, 2001, Humbert was adjudicated guilty on three counts of second-degree *727 felony robbery in trial court case number 97-382F and sentences were imposed. Humbert's sentences included imprisonment followed by probation. Between March and June of 2002 three affidavits of violations were filed in that case, the last of which was the second amended affidavit of violation of probation.
In the second amended affidavit, the affiant averred that Humbert violated a special condition of probation (condition fourteen) by being discharged from a required treatment program. The affiant also averred four separate violations of condition fivea condition which prohibited a violation of law while on probation. Included among those was an allegation that Humbert committed battery on an inmate in county jail for which disposition was pending in trial court case number 02-1320F.
A probation revocation hearing was conducted on July 23, 2003, before a judge who has since retired.[1] By the time of that hearing, a jury had found Humbert guilty of the battery on an inmate in county jail charged in case number 02-1320F. At the conclusion of the revocation hearing, the judge orally pronounced "[b]y virtue of the jury verdict in the case number 02-1320F, I will find that the defendant has violated his probation in case 97-382F."[2] However, for reasons not apparent on the face of the record, the written revocation order reflected that the revocation was based upon Humbert's violations of condition five and special condition fourteen.
During the pendency of this appeal, Humbert's counsel filed a motion to correct sentencing errors pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). The motion asserted, in part, that the revocation order erroneously indicated Humbert was found in violation of special condition fourteen and imprecisely failed to note that only one violation of condition five was proven. The motion was considered by a successor judge. The motion was granted in regard to the correction of the revocation order. An amended order of revocation of probation was filed in case number 97-382F, and consistent with the original judge's oral pronouncement, the amended order indicated Humbert's probation was revoked based upon a single violation of condition five.
This court subsequently reversed Humbert's conviction in case number 02-1320F due to fundamental error arising from the jury instructions, and we remanded for a new trial. Humbert v. State, 922 So.2d 997 (Fla. 2d DCA 2005).
In this appeal both parties correctly agree the revocation order must be reversed and this matter remanded because the trial court revoked Humbert's probation based exclusively on a conviction which has since been reversed. We recognize that a criminal violation must be proven beyond a reasonable doubt while a probation violation need only be proven by a preponderance of the evidence, Morris v. State, 727 So.2d 975, 977 (Fla. 5th DCA 1999), and the ultimate facts necessary to convict for a criminal offense and the ultimate facts necessary to establish a violation of probation are not the same. Russ v. State, 313 So.2d 758, 760 (Fla.1975). Nonetheless, "`if a revocation is based solely on a conviction and that conviction is subsequently reversed, the revocation must also be reversed.'" Stevens v. State, *728 409 So.2d 1051, 1052 (Fla.1982) (quoting with approval Stevens v. State, 397 So.2d 398, 398 (Fla. 5th DCA 1981)). In the record before this court, it is clear that the revocation of Humbert's probation was based entirely on a conviction which has since been reversed. It is equally clear that the judge, at the revocation hearing, did not determine whether Humbert's violation of probation had been otherwise proven by a preponderance of the evidence without regard to the jury's verdict.[3] Thus, the revocation order cannot be sustained.
The State argues that on remand the trial court can determine whether the revocation is supported by a preponderance of the evidence based on a review of the trial transcript in case number 02-1320F. Humbert, on the other hand, argues that the trial court should hold a new revocation hearing rather than merely reviewing the record to make the necessary determination.
Any decision regarding the basis supporting a revocation of Humbert's probation in all likelihood will be made by a successor judge to the judge who presided over the trial and the revocation hearing. Given all the circumstances involved in the present case, the trial court's decision should not be made without conducting a new probation revocation hearing on remand. See Judd v. State, 402 So.2d 1279 (Fla. 4th DCA 1981) (reversing and remanding for new trial and new revocation hearing as it was clear that trial court's basis for revocation rested exclusively on conviction and overriding concerns for justice mandated reversal).
Of course, the fact that Humbert's conviction in case number 02-1320F was reversed does not mean that his probation cannot be revoked based on the same facts. See Russ, 313 So.2d at 760 (holding it does not violate double jeopardy to revoke probation even though defendant was acquitted of criminal charges based on same facts); Morris, 727 So.2d at 977 (holding acquittal in criminal case does not preclude determination that probation violation occurred based on same conduct because criminal case must be proven beyond reasonable doubt and probation violation need only be proven by preponderance of evidence). Indeed, the State, at the revocation hearing on remand, is not precluded from attempting to prove Humbert's violations based on the same circumstances as long as the period of supervision has not expired. See Sharpston v. State, 895 So.2d 1225, 1226 (Fla. 2d DCA 2005) (reversing revocation in which the violation was based solely on defendant's arrest); Chavous v. State, 597 So.2d 943 (Fla. 2d DCA 1992) (reversing revocation in which the violation was demonstrated solely by hearsay).
Accordingly, we reverse the revocation order and remand for further proceedings.
Reversed and remanded as directed.
NORTHCUTT and LaROSE, JJ., Concur.
NOTES
[1] The judge retired from the bench on January 1, 2004.
[2] The judge who had presided over the trial in case number 02-1320F also presided over the revocation hearing in case number 97-382F.
[3] The judge who presided over both the revocation hearing and the trial might have found it unnecessary to determine whether the State had established that Humbert violated his probation under the less stringent standard required to demonstrate a violation of probation. The judge did not have the benefit of the line of cases which have found that fundamental error occurred as a result of the jury instruction on self-defense which compelled our reversal of trial court case number 02-1320F in Humbert, 922 So.2d 997. It is likely that the judge did not anticipate a reversal in that case.