PER CURIAM.
 

 Appellant challenges the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850 seeking postconviction relief. Because we conclude that appellant’s allegations warrant an evidentiary hearing, we reverse.
 

 Appellant alleges that the court found he violated probation by committing the new offense of battery on his wife. He alleges, further, that following the probation violation hearing, his wife recanted her testimony. He also alleges that, at the trial on the battery charge which occurred after his probation violation hearing, his wife testified that any physical contact by appellant was in self-defense; that she admitted lying to the police in her sworn statement and under oath at the probation violation hearing; and that the trial court granted his motion for a judgment of acquittal in the battery case. Appellant asserts that, because of his wife’s recantation of her testimony at the probation revocation hearing, the determination that he had violated probation should be reversed.
 

 
 *86
 
 A defendant may be found to have violated probation even though the criminal case based on the same conduct resulted in acquittal.
 
 See Morris v. State,
 
 727 So.2d 975, 977 (Fla. 5th DCA 1999). However, here, appellant is specifically alleging that he has newly discovered evidence in the form of a recantation that should change the outcome of his probation violation proceeding.
 

 Recantation evidence is considered to be a type of newly discovered evidence.
 
 See Murrah v. State,
 
 773 So.2d 622, 628 (Fla. 1st DCA 2000). Newly discovered evidence must be such that the appellant, his counsel or the trial court could not have discovered the facts at the time of trial through the exercise of due diligence, and must be such that it would probably produce an acquittal on retrial.
 
 See Jones v. State,
 
 709 So.2d 512, 521 (Fla.1998). These determinations require an evidentiary hearing unless the recantation is inherently incredible or immaterial to the verdict.
 
 See Stephens v. State,
 
 829 So.2d 945, 946 (Fla. 1st DCA 2002). In this case, the victim’s testimony found in the trial transcript for appellant’s battery charge clearly constitutes a recantation of her testimony at appellant’s probation violation hearing. Therefore, appellant is entitled to an evidentiary hearing to determine whether the recantation would probably produce a different result in the probation revocation proceeding. Accordingly, we reverse the trial court’s summary denial of appellant’s motion and remand for an evidentiary hearing.
 

 REVERSED and REMANDED, with directions.
 

 WEBSTER, DAVIS, and PADOVANO, JJ., concur.