NORTHCUTT, Judge.
 

 Daniel Monforto was on probation when he was convicted of committing a new crime. The circuit court determined that Monforto violated his probation by virtue of the new conviction, whereupon the court revoked his probation. We reverse because this court subsequently reversed the conviction upon which the revocation was based.
 
 Monforto v. State,
 
 28 So.3d 65 (Fla. 2d DCA 2009),
 
 review denied,
 
 No. SC09-1769, 2010 WL 1001357 (Fla. Mar. 17, 2010).
 

 When seeking to have Monforto’s probation revoked, the State relied solely on the bare fact of Monforto’s new conviction. It offered no separate evidence of Monforto’s alleged illegal conduct. In such circumstances, reversal of the new conviction requires setting aside the probation revocation as well.
 
 Stevens v. State,
 
 409 So.2d 1051, 1052 (Fla.1982);
 
 Humbert v. State,
 
 933 So.2d 726, 728 (Fla. 2d DCA 2006). Therefore, we reverse the revocation of Monforto’s probation. We remand for a new hearing at which the State may again attempt to prove by a preponderance of the evidence that Monforto violated his probation by committing a new law violation.
 
 See Humbert,
 
 933 So.2d at 727.
 

 Reversed and remanded.
 

 WALLACE and CRENSHAW, JJ., Concur.