PER CURIAM.
William Douglas appeals the summary denial of his timely motion for postconviction relief. Fla. R.Crim. P. 3.850. On September 30, 2003, Douglas entered a plea to dealing in stolen property and was placed on probation for a term of three years. On November 26, 2003, the State filed an affidavit alleging that Douglas violated probation by committing a new offense — an October 20, 2003 armed robbery of a cellular-phone store — and by failing to file required monthly reports.
At the January 31, 2005, violation of probation (VOP) hearing, the state presented testimony from a detective who investigated the robbery. The detective had received information from a source that Douglas committed the robbery. The source did not testify at the hearing and the basis for the source’s alleged knowledge of the identity of the robber is unclear from the record. The detective prepared a photo lineup and showed it to four witnesses to the robbery. Two of the witnesses positively identified Douglas. An employee of the store, who was held at gun point and had considerable interaction with the robber, testified at the VOP hearing that he identified Douglas from the photo lineup.
Douglas admitted he had not filed the required reports for the one remaining day in September 2003, since he had been placed on probation on September 30, 2003, or for October 2003. No other witnesses or evidence of the robbery was presented at the VOP hearing.
The trial court found that the state had proven these violations, revoked probation, and sentenced Douglas to the statutory maximum of fifteen years in prison. On appeal, Douglas argued error in the denial of his motion to suppress because the photo lineup was unduly suggestive as he was the only one with a goatee, his hair was shorter than the others, and he was the only one with his mouth slightly ajar which revealed a gold tooth. This court affirmed. Douglas v. State, 926 So.2d 1288 (Fla. 4th DCA 2006).
*198 Subsequent to the VOP, Douglas went to trial for the armed robbery, and the jury found him not guilty. At trial, the defense adduced evidence that was not considered at the VOP hearing and which attacked the reliability of the store employee’s identification and tended to show Douglas may not have committed the robbery. According to Douglas’s postconviction motion, the store employee testified at trial that the robber wore a tank-top shirt, that the employee clearly viewed the robber’s arms, and that the robber did not have any tattoos. The employee testified that he remembered the robber had some gold teeth and that he held the gun with his right hand. The employee testified that the robber touched a glass display case and areas around the front door with his bare hands.
At trial, defense counsel presented evidence that, at the time of the robbery, Douglas had numerous and highly-visible tattoos on both arms which were present and documented before the October 20, 2003 robbery. Douglas alleges that he is left handed and had no gold teeth.[1] Douglas exhibited the tattoos on his arms and his lack of gold teeth to the jury. None of the fingerprints lifted from the glass display case and from areas around the front door, where the store employee indicated the robber placed his bare hands, matched Douglas. The jury found Douglas not guilty of robbery.
In this postconviction motion, Douglas seeks a new VOP hearing and asks that the judge reconsider the sentence in light of the alleged “newly-discovered” evidence which was adduced at the trial. The trial court summarily denied the motion adopting and attaching the State’s response which erroneously argued that Douglas was attempting to raise a procedurally-barred claim of trial court error.
The State argued alternatively that the evidence at the VOP hearing was sufficient to prove that Douglas committed the robbery and that the jury’s subsequent acquittal did not prohibit revocation of probation. The State did not refute, or contest, Douglas’s account of the alleged newly discovered evidence adduced at the jury trial for the robbery.
The law is well-settled that, because different standards of proof apply, a violation of probation can be based on criminal conduct for which a defendant is subsequently acquitted by a jury. Louis v. State, 797 So.2d 1281 (Fla. 4th DCA 2001); Morris v. State, 727 So.2d 975 (Fla. 5th DCA 1999). In a jury trial, the State must prove the offense beyond a reasonable doubt, whereas in a VOP proceeding, the State need merely prove the violation by a greater weight of the evidence. Morris, 727 So.2d at 977.
Douglas’s claim, however, relates to the weight of the evidence and the fairness and reliability of the outcome of his VOP proceeding, not to the sufficiency of the evidence to support revocation. Douglas’s subsequent acquittal for the robbery does not necessarily prevent the State from meeting its burden of proving a VOP. But, the fact that evidence was sufficient to support a VOP does not preclude a claim that newly-discovered evidence entitles Douglas to a new VOP hearing.
Evidence which develops after a VOP hearing can support a postconviction claim of newly discovered evidence, and a defendant can be entitled to new VOP hearing when the new evidence would *199 probably produce a different result. See, e.g., Stallworth v. State, 21 So.3d 84 (Fla. 1st DCA 2009) (holding that defendant should receive an evidentiary hearing on his postconviction claim that his wife’s recantation at trial of testimony she had given at the VOP hearing was newly discovered evidence); Hall v. State, 855 So.2d 249 (Fla. 3d DCA 2003) (granting postcon-viction relief and reversing and remanding for a new VOP hearing where a police officer, subsequent to the VOP hearing, gave inconsistent deposition testimony which suggested that VOP was improper). Cf. Humbert v. State, 933 So.2d 726 (Fla. 2d DCA 2006) (remanding for new VOP hearing where conviction which formed the sole basis for revocation was reversed on appeal); Maximino v. State, 745 So.2d 1128 (Fla. 4th DCA 1999) (requiring new VOP hearing, where revocation was based on two new offenses, and defendant had been acquitted after jury trial of one offense and second conviction was reversed on appeal).
To establish a claim of newly discovered evidence warranting a new VOP hearing, Douglas must show: (1) that the evidence was unknown by the trial court, by the party, or by counsel at the time of the VOP hearing and that neither the defendant, nor his counsel, could have discovered the evidence with the exercise of due diligence; and (2) that the newly-discovered evidence is of such a nature that it would probably produce a different result in a new VOP hearing. See Jones v. State, 709 So.2d 512, 521 (Fla.1998) (setting out the standard for determining whether a newly discovered evidence claim merits a new trial); see also Robinson v. State, 770 So.2d 1167, 1170 (Fla.2000) (emphasizing that the proper prejudice standard for a newly discovered evidence claim is whether the newly discovered evidence “would probably produce an acquittal on retrial ”) (emphasis added).
The record in this case is silent as to whether the favorable evidence produced in the jury trial of the robbery was known or discoverable at the time of the VOP hearing. Douglas alleges that the new evidence was not available at the time of the VOP hearing. The State in its response to this court’s order to show cause contends that Douglas’s claim was insufficiently pleaded because he did not allege that the favorable evidence could not have been discovered with due diligence. The State is correct. Fairness, however, requires that Douglas be afforded an opportunity to amend his claim to correct this deficiency if he can do so in good faith. See Spera v. State, 971 So.2d 754, 761-62 (Fla.2007).
We reverse and remand for the trial court to strike the claim and permit Douglas a reasonable amount of time to file an amended motion if he can do so in good faith. If Douglas files an amended, facially sufficient claim that the favorable evidence presented at his trial was newly discovered[2] and these allegations are not conclusively refuted by the record, and if the State opposes Douglas’s claim, then the trial court should hold an evidentiary hearing to determine whether new evidence entitles Douglas to a new VOP hearing as occurred in Hall.

Reversed and Remanded.

WARNER, STEVENSON and LEVINE, JJ., concur.

. This allegation conflicts with the argument Douglas made for suppression, and raised on direct appeal, which contended that the photo lineup was unduly suggestive because Douglas was the only one pictured displaying a gold tooth.

. If the favorable evidence was known, or could have been discovered by counsel with due diligence, then Douglas may be able to stale a claim that he received ineffective assistance of counsel at the VOP hearing.