PER CURIAM.
Javon O’Connor appeals the circuit court’s order summarily denying his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse and remand based on the State’s concession that the circuit court failed to attach records of O’Connor’s sentencing which could refute his claim of illegal sentencing upon violation of probation.
On remand, the circuit court should determine whether O’Connor’s status as a youthful offender, as imposed originally, was maintained in his sentencing for violation of probation. O’Connor has not demonstrated that his violation of probation was based on merely a technical violation, even though he made that argument. Upon revocation of probation, the circuit court could sentence this youthful offender up to the statutory maximum for his offenses, notwithstanding the subsequent nolle pros of the offense on which the violations were based. See State v. Jenkins, 762 So.2d 535 (Fla. 4th DCA 2000). However, it still was required in this case to maintain his youthful offender status upon sentencing for violation of probation. See St. Cyr v. State, 106 So.3d 487 (Fla. 4th DCA 2013). We cannot determine from the record on appeal whether this was accomplished.
Accordingly, we reverse the summary denial of the motion to correct illegal sentence and remand with directions that O’Connor be sentenced as a youthful offender or to attach those portions of the record refuting O’Connor’s claim.

Reversed and remanded with directions.

STEVENSON, MAY and LEVINE, JJ., concur.