Andres AGUIRRE, Appellant,

v.

**STATE of Florida, Appellee.**

**No. 4D15–4795**

District Court of Appeal of Florida,
Fourth District.

[December 21, 2016]

Andres Aguirre, Milton, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

Per Curiam.

Andres Aguirre timely appeals the summary denial of his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant claims that his plea is involuntary, that counsel was ineffective during violation of probation ("VOP") proceedings, and that the trial court should have considered events that post-date the plea. We reverse and remand for further review of the latter two claims. We affirm the denial of all other claims.

Appellant was sentenced and granted a furlough following his admission to violating the terms of his probation by committing a new offense. Pursuant to the pleas, the trial court imposed a fifteen year prison term for the VOP and a consecutive five year term for the new offense. Consistent with the terms of the pleas, the trial court told appellant that the sentences would be mitigated to 35.85 months if he returned to court on a specified date.

There is no transcript in the record on appeal of any subsequent hearing. However, appellant was arrested while on furlough and charged with burglary. Thus, the VOP sentence was not reduced.

A year later, the state entered a nolle prosequi for the burglary charge after the trial court granted appellant's motion to suppress statements. Significantly, appellant argued that the stop was illegal.

In granting the motion to suppress, the trial court found: "Coral Springs officers failed to articulate facts giving them a

reasonable suspicion of criminal behavior justifying an investigatory stop. The officers did not observe any unlawful activity, just three men walking down the street during daylight hours. The defendant was unlawfully detained." This Court affirmed that suppression order. *State v. Aguirre*, 93 So.3d 1044 (Fla. 4th DCA 2012).

The record refutes appellant's allegations that the VOP plea was involuntary or that Appellant was unaware of the consequences following his failure to return from the furlough. However, it does not speak to appellant's claim of new evidence based on the trial court's subsequent suppression of appellant's statement, its finding that there was no support for the arrest, and this Court's affirmance of the suppression order. *See, e.g., Ware v. State*, 159 So.3d 192, 195 (Fla. 1st DCA 2015) (recognizing that evidence which develops after a VOP hearing can support a postconviction claim of newly discovered evidence, and a defendant can be entitled to new VOP hearing when the new evidence would probably produce a different result); *Humbert v. State*, 933 So.2d 726 (Fla. 2d DCA 2006) (remanding for new VOP hearing where conviction which formed the sole basis for revocation was reversed on appeal); *see also Douglas v. State*, 43 So.3d 196 (Fla. 4th DCA 2010).

Consequently we reverse the trial court's summary denial of this claim. On remand, the trial court shall also consider appellant's claim that trial counsel could have presented the grounds to suppress the stop at a post furlough hearing to argue that appellant's failure to appear was not willful. *See generally Hall v. State*, 855 So.2d 249 (Fla. 3d DCA 2003) (remanding for new probation revocation hearing for trial court to consider newly discovered discrepancy in significant testimony); *Clemons v. State*, 777 So.2d 1169 (Fla. 4th DCA 2001) (remanding where

there were no record attachments to refute appellant's claim that he was not afforded the opportunity to explain his post furlough arrest).

We recognize that the filing of a nolle prosequi does not preclude a finding that the defendant substantively violated probation or community control by committing a new offense or offenses. *State v. Jenkins*, 762 So.2d 535 (Fla. 4th DCA 2000). Unique to appellant's case is the suppression order and the trial court's finding that there was no basis for the arrest, which seemingly precluded appellant's mitigated sentence.

*Affirmed in part, reversed in part and remanded.*

Warner, Gross and Damoorgian, JJ., concur.