IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

      Appellant,

 v.

      Case Nos.  5D16-3214, 5D16-3215,
                5D16-3217, 5D16-3218,
                5D16-3219

MUNDEGERICK MITCHUM,

      Appellee.

_____/

Opinion filed September 1, 2017

Appeal from the Circuit Court
for Orange County,
Reginald K. Whitehead, Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Kristen L. Davenport,
Assistant Attorney General, Daytona
Beach, for Appellant.

James S. Purdy, Public Defender, and Ali
Lee Hansen, Assistant Public Defender,
Daytona Beach, for Appellee.


PER CURIAM.

The State of Florida appeals the trial court's order dismissing the violation of

probation charges against Mundegerick Mitchum in five separate cases. We reverse.

Between March 13, 2001, and March 17, 2001, Mitchum participated in several armed robberies and an armed carjacking. In June 2002, Mitchum pleaded nolo contendere to robbery with a firearm in four of the cases and carjacking with a firearm in the remaining case. Mitchum was sentenced to fifteen years' incarceration in the Department of Corrections followed by fifteen years' probation. The probation orders in all five cases required that Mitchum refrain from violating any law and stated that "[a] conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation."

Since his release in July 2014, Mitchum has been arrested for operating a motor vehicle without a valid driver's license and for three incidents of domestic violence. Each of these arrests resulted in three separate sets of violation of probation charges in all of the five cases. All of these violation of probation charges were later dismissed by the trial court. However, the State has only appealed the dismissals arising from Mitchum's August 7, 2016 arrest for domestic violence battery.[1]

Before the hearing on the violations, the State nolle prossed the criminal charge that arose out of Mitchum's August 7, 2016 arrest for domestic violence. Consequently, when the hearing took place, Mitchum's counsel moved, ore tenus, to dismiss the violation of probation based on the State having dropped the criminal charge in the underlying domestic battery case. The State objected, explaining that it wanted the opportunity to try the violation, noting that this was Mitchum's third act of domestic violence since his

---

[1] The violation of probation charges in the five cases contain the same allegations and are based on the same facts.

release from prison in 2014. The trial court ultimately granted Mitchum's motion and dismissed the violation of probation charges in all five cases.[2]

The State argues that the trial court erred in granting the motion to dismiss because its decision not to prosecute the criminal domestic battery charge does not preclude it from pursuing a probation violation based on the same offense. We agree.

When the State drops a criminal charge, this is not an acquittal and will not prevent future prosecution if this happens before jeopardy attaches. Gonzales v. State, 780 So. 2d 266, 267 (Fla. 4th DCA 2001); State v. Jenkins, 762 So. 2d 535, 536 (Fla. 4th DCA 2000); Morris v. State, 727 So. 2d 975, 976 (Fla. 5th DCA 1999). In Jenkins, the Fourth District explained this concept as follows:

> A nolle prosequi only means that the state is not prepared to go forward with the prosecution of the criminal charge. At most, it conveys that the state did not have sufficient evidence to meet its burden of proving guilt beyond a reasonable doubt.

762 So. 2d at 536. In contrast, the State only has to prove a violation of probation by a preponderance of the evidence, which is a lesser standard than what is required to prove the criminal charge. Id. (citing Miller v. State, 661 So. 2d 353, 354 (Fla. 4th DCA 1995)). As such, the State may very well have sufficient evidence to meet this lesser burden. See id.

---

[2] The trial court held two short hearings on these cases. After the first hearing, the trial court dismissed the violation of probation charge in case number 2001-CF-005127-A-O. Because the trial court did not have the records for the other four cases in front of it at the time, it deferred acting on the violation of probation charges in those cases until the following day. After the second hearing, the trial court dismissed the violations in case numbers 2001-CF-010130-A-O, 2001-CF-008721-A-O, 2002-CF-000138-A-O, and 2002-CF-000139-A-O.

Because the State's decision to nolle pros the domestic battery charge does not bar it from pursuing the violation of probation charges, the trial court's rulings on the motion to dismiss were erroneous.[3]  See id.  We, therefore, reverse the orders under review and remand for further proceedings.[4]  See id.

REVERSED AND REMANDED.

BERGER, LAMBERT and EDWARDS, JJ., concur.

---

[3] Although the trial court did not explain its reasoning for dismissing the violations in detail, Mitchum's motion to dismiss was based on the State's decision not to proceed with the prosecution of the criminal domestic battery charge.

[4] Mitchum's argument that the State did not preserve this issue for appeal is without merit.  The State objected to the dismissal of the probation violation charges at both hearings and stated that it wanted the opportunity to bring the charges to trial even though it had declined to prosecute the August 7, 2016 domestic battery case.  This was enough, in this particular case, to preserve the issue for appellate review.  Mitchum's "tipsy coachman" argument that the State failed to present a prima facie case is also without merit because Mitchum's ore tenus motion to dismiss did not comply with Florida Rule of Criminal Procedure 3.190(a), (c).  See State v. Ochoa, 576 So. 2d 854, 859 (Fla. 3d DCA 1991) ("The court may not dismiss an information on the basis of a finding that the evidence is insufficient to support it, in the absence of a sworn motion to dismiss under Rule 3.190(c)(4) . . . ." (citing State v. Brooks, 388 So. 2d 1291, 1292 (Fla. 3d DCA 1980))); State v. Hernandez, 573 So. 2d 1037, 1037 (Fla. 3d DCA 1991) (citing State v. Adderly, 411 So. 2d 981, 982 (Fla. 3d DCA 1982)).

4