# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-1479
LT Case No. 2012-CF-001190-A

_____

ISAAC R. EDWARDS,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

3.850 Appeal from the Circuit Court for Citrus County.
Richard A. Howard, Judge.

Isaac R. Edwards, Crawfordville, pro se.

Ashley Moody, Attorney General, Tallahassee, and Allison Leigh
Morris, Assistant Attorney General, Daytona Beach, for Appellee.

June 14, 2024


PER CURIAM.

    Isaac R. Edwards appeals the summary denial of his Florida
Rule of Criminal Procedure 3.850 motion regarding revocation of
his probation based on two prosecutions for drug-related offenses
that were treated as new law violations. After revoking his
probation, the court sentenced Appellant to a 30-year prison term.
We agree with his argument that a subsequent order entered in
one of those prosecutions, suppressing as illegally seized the same
crucial evidence that led to the revocation of his probation,

constitutes newly discovered evidence, entitling Appellant to relief. Accordingly, we reverse the order denying his rule 3.850 motion and remand for further proceedings.

## Background

Appellant was previously adjudicated guilty and sentenced to a prison term followed by probation, which he had begun serving. The State sought to revoke his probation based upon drug charges in two separate criminal cases. A revocation hearing was held, his probation was revoked, and he received a 30-year sentence for violation of probation.

After his probation was revoked, Appellant's counsel filed a motion to suppress in one of the two pending drug cases, arguing that the evidence against him should be excluded because it had been illegally obtained. The trial court granted his motion to suppress, which led to dismissal of one of the two drug cases. The State nolle prosecuted the charges in the other case. The suppression order was rendered after Appellant had been sent back to prison for violating probation. In his rule 3.850 motion and in this appeal, he argued that the order, suppressing the same evidence that was used to revoke his probation, constitutes newly discovered evidence. He further asserts that exclusion of that same evidence would have prevented revocation in his probation hearing. The lower court agreed that the exclusionary rule applies in revocation hearings but denied Edwards' rule 3.850 motion on the basis that the suppression order was not newly discovered evidence.

## Analysis

Appellant acknowledges that a court may still find that a probationer committed a new law violation where new law violation charges are dropped, nolle prossed, or a defendant is acquitted of those charges. *See State v. Mitchum*, 227 So. 3d 697, 699 (Fla. 5th DCA 2017) (State's decision to nolle pross or drop a new law violation charge does not bar it from pursuing violation of probation with that offense); *Morris v. State,* 727 So. 2d 975, 977 (Fla. 5th DCA 1999) (an acquittal in a criminal case does not preclude a judge from determining a violation of parole or

2

probation has occurred); *State v. Jenkins*¸ 762 So. 2d 535, 535–36 (Fla. 4th DCA 2000) (reversing the trial court's dismissal of VOP, where a nolle pross does not preclude VOP; because to meet its burden in a VOP proceeding, the State only need demonstrate by a preponderance of the evidence that the defendant committed the subject offense).

Appellant's circumstances are different. He argues that the exclusionary rule applies to probation revocation hearings, which the trial court and the State have acknowledged. In *State v. Cross*, 487 So. 2d 1056, 1056–57 (Fla. 1986), Florida's Supreme Court held that illegally seized evidence is inadmissible in probation revocation hearings. If, as Appellant claims, all of the evidence used to establish his new law violations would have been excluded from evidence, the State may not have been able to prove the new law violation. Thus, Appellant has established a credible basis to claim that he was prejudiced by the timing of the suppression motion which followed his revocation hearing. *See Lambert v. State*, 811 So. 2d 805 (Fla. 2d DCA 2002).

Edwards' counsel, who represented him in both the revocation and criminal prosecutions, filed the motion to suppress in the criminal prosecution one month after the revocation proceedings had concluded. Thus, the VOP hearing took place and the proceedings concluded before the motion to suppress was filed and later granted. Even if the information surrounding the illegality of the search was known while the VOP matter was pending, the fact that the motion to suppress was granted was new information to Edwards and his counsel; thus, it was newly discovered evidence.

In *Douglas v. State*, 43 So. 3d 196, 198–99 (Fla. 4th DCA 2010), the Fourth District discussed several cases in which the defendant was found entitled to a new VOP hearing or an evidentiary hearing on a 3.850 motion, based on evidence developed after the VOP proceedings had concluded. In order to be entitled to a new revocation hearing, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. *Aguirre-Jarquin v. State*, 9 So. 3d 593, 603 (Fla. 2009). Whether the newly discovered evidence, i.e., the order suppressing evidence in one case, would probably result in an

3

acquittal if the revocation proceedings were retried is difficult to say in this case, as there were two drug prosecutions underlying the revocation of Appellant's probation based on new law violations. While one case was dismissed as a result of the suppression order, that motion was not filed in the second case which was nolle prossed rather than being dismissed. Nor can we venture a guess as to whether he would have received the same sentence if only the nolle prossed case was the basis for revoking his probation.

## Conclusion

An appropriate remedy would be for the postconviction court to hold an evidentiary hearing on Appellant's rule 3.850 motion so that it can properly consider whether the same suppressed evidence was the foundation of both drug prosecutions or just one and whether the nolle prossed case could arguably constitute a new law violation in the absence of that suppressed evidence. Based on the record before us, we cannot tell what other lawfully obtained evidence may be available connected only to the nolle prossed case to prove a new law violation; otherwise, we may have simply ordered a new revocation hearing.

Accordingly, we reverse the order denying Appellant's rule 3.850 motion and remand for further proceedings in the nature of an evidentiary hearing on Appellant's rule 3.850 motion with regard to the nolle prossed case.

REVERSED and REMANDED.

EDWARDS, C.J., and WALLIS and HARRIS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

4